## Case No. 16,288.

UNITED STATES ex rel. HEWETT et al. v. SILVERMAN.

[4 Dill. 224.] [1]

Circuit Court, E. D. Arkansas. 1878.

MANDAMUS TO LEVY TAXES — JUDGMENTS AGAINST MUNICIPALITIES — INTERFERENCE BY STATE COURTS—CONTEMPTS.

1. The execution of writs of mandamus issued by the circuit court of the United States cannot be interfered with by the process or judgments of the courts of the state, and such interference is illegal and void.

[Cited in U. S. v. Jefferson Co., Case No. 15,-472; Hill v. Scotland Co. Ct., 32 Fed. 717.]

2. The relators obtained in this court a judgment against a county, and a peremptory writ of mandamus issued commanding the respondent, as county judge, to levy a tax to pay such judgment. He obeyed. Subsequently the state court, in a proceeding to which the relators were not parties, set aside the order for the tax levied by the respondent in obedience to the mandamus, and directed the respondent to enter an order on his records annulling the levy of

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the tax. The respondent obeyed. At the relator's instance a rule issued against the respondent to show cause why he should not be attached for contempt: *Held,* that he was in contempt, and liable to be punished therefor.

3. The order made in the case is given at the end of the opinion.

A rule was issued against the respondent [Frank Silverman], the county judge of Jefferson county, Arkansas, at the instance of the relators [Hewett and Cooper], to show cause why he should not be punished for contempt. Shortly, the facts are these: Hewett recovered judgment in this court against Jefferson county. The county did not appeal from that judgment. Hewett assigned part of the judgment to Cooper. This court awarded a peremptory writ of mandamus to compel the county authorities to levy a tax to pay the judgment. The tax was levied and, afterward set aside, under the circumstances hereinafter stated. On a showing that the peremptory writ had not been obeyed, a rule was issued by this court against the county judge of Jefferson county, the Hon. Frank Silverman, to show cause why he should not be punished for contempt in not obeying the writ of mandamus directed to him by this court. He set up in his defence that he obeyed certain orders of the state court hereinafter referred to, and disclaimed any intention to disobey the mandates of this court. The respondent, after the service of the rule upon him, entered an order setting aside the order vacating the levy, and restoring the levy made under the writ of mandamus.

The following opinion, orally given, accompanied the order of the court made in the premises.

Mr. Brown, for relators.
Mr. Yonley, for respondent.

Before DILLON, Circuit Judge, and CALDWELL, District Judge.

DILLON, Circuit Judge (orally). The county officers, on the alternative writ which issued, had full opportunity to be heard against the demands that were made against them. No sufficient reason was shown by the county or its officers why the peremptory writ of mandamus should not issue, and the court adjudged that it ought to be awarded. If the court erred in originally rendering the judgment, the county had a remedy on writ of error in the supreme court of the United States. So, if this court erred in the proceedings had on the alternative writ, or in granting the peremptory writ, the county had its remedy by taking a writ of error to the supreme court of the United States; but its officers pursued no such course, and therefore they should have rendered obedience to the peremptory writ.

The peremptory writ was directed to Frank Silverman, county judge, and Craig and others, justices of the peace, composing the county court of Jefferson county. It commanded them "to meet and convene together at the court-house in the town of Pine Bluff, in said county, upon the day fixed by law for levying taxes for county purposes for the year 1877, then and there to organize, open, and hold a county court of said county, and to levy the tax of five mills on the dollar of all the taxable property of said county, provided for by the constitution of the state of Arkansas, for the payment of indebtedness contracted and created before and existing at the time of the ratification of this constitution, payable only in United States currency, and cause the same to be collected at the same time and in the same manner that other county taxes are directed by law to be collected, and to cause the proceeds of the said tax, as soon as collected, to be paid into the registry of our said circuit court, for the payment and satisfaction of the said judgment, interest, and costs."

It appears that this writ was duly served, and that, in pursuance of this command, they did meet and levy the tax which the writ commanded them to cause to be levied. Afterwards, at the instance of certain taxpayers of that county, a proceeding upon certiorari was instituted to have the order of the county court made in obedience to this writ reviewed by the circuit court of the county; and that proceeding was begun and carried on in the local court without any notice being given to the relators or parties interested in the judgment, and in that proceeding the state circuit court undertook to annul the order of the county court made in obedience to the command of this court, and certified its action to the county court in that regard. When that action was certified to the county court, commanding that court to enter an order annulling its prior levy of taxes, the county court obeyed and caused that order to be made. The tax had been extended on the tax books of the county, and the warrant for collection was in the hands of the sheriff, who, by the statutes of this state, is ex-officio collector. When it was known in the community that the circuit court of the county had made such order, the collector makes return (in obedience to a rule issued upon him) that, although he demanded the tax, he was unable to collect it; that the tax-payers refused to pay it, and so, practically, the command contained in the writ we issued has been of no avail.

In the state of Iowa, some years since, we had a conflict between the state and federal judicial tribunals concerning the validity of bonds issued by municipalities to aid in the construction of railroads. The supreme court of that state held that those bonds were unconstitutional, having, however, previously decided otherwise; and under the first decision a large number of such bonds had been issued. The state supreme court after-

wards changed their judgment, and held the bonds to be invalid, and proceedings were begun by tax-payers in the courts of that state to enjoin the counties from levying any tax to pay judgments rendered in the federal courts on municipal bonds.

The leading case in the supreme court of the United States upon this subject, which is well known to the profession, is the case of Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166. The case is not so strong for the relators as the one now at the bar, because in that case the injunction from the state court against the officers of Johnson county was issued before the writ of mandamus was issued by the federal court. The following is a correct synopsis of the point ruled in that case: "After a return unsatisfied of an execution on a judgment in a circuit court of the United States against a county for interest on railroad bonds, issued under a state statute in force prior to the issue of the bonds, and which made the levy of a tax to pay such interest obligatory on the county, a mandamus from the circuit court of the United States will lie against the county officers to levy a tax, even although prior to the application for the mandamus a state court has perpetually enjoined the same officers against making such levy; the mandamus, when so issued, being regarded as a writ necessary to the jurisdiction of the federal court which had previously attached, and to enforce its judgments, and the state court, therefore, not being regarded as in prior possession of the case."

Now, the state officers in the state of Iowa supposed they were between two fires. First, the state court enjoined them from levying the tax, and a subsequent mandamus from the federal court commanded them to levy precisely the same tax which the writ of the state court forbade. If they obeyed the mandamus of the federal court, and levied the tax. the state court would, they said, arrest them for contempt of its writ and punish them. If they disregarded the command of the writ of mandamus, the federal court would attach them for contempt and punish them. Now, what was to be done?

It was this dilemma the county judge, in the case at bar, said he supposed he was in: "I am subject to two commands; the federal court commands the levying of this tax, and the circuit court for the county has commanded me to annul the levy." He obeyed the orders of the local court, and in so doing he simply obeyed the wrong tribunal.

The subject is very fully considered by the supreme court of the United States in the above mentioned case of Riggs v. Johnson Co. It would consume too much time to refer to it at length; but the effect of it is, that in judgments rendered in this class of cases the writ of mandamus is a writ neces-

sary to enforce the judgment, and that judgment can no more be interfered with by the state courts than they can undertake to interfere with an ordinary writ of execution in the hands of the marshal of this court, nor can the state court any more interfere than can the federal court could interfere with their judgments or process. It is a rule that one court shall not interfere with the processes of the other, and when this rule is observed harmony exists in both, and there can be no conflict.

(After reading some extracts from that case, the judge continued:)

Such is the law of the land, as declared by the highest tribunal of the country, and all courts, federal and state, must accept it and yield obedience to it. It is so understood in this state, for I have before me an opinion of the supreme court of Arkansas, delivered by the present distinguished chief justice, in which he considers this subject. Vance v. City of Little Rock, 30 Ark. 435, 452. Speaking on this point, Chief Justice English says: "We cannot undertake to say that the circuit court of the United States had not jurisdiction to award the mandamus, nor that in exercising its jurisdiction it committed an error, for this court has no appellate jurisdiction over that court. The city had the right to appeal from its judgment awarding the mandamus to the supreme court of the United States, and failing to do this, no complaint it can make to us of the effect of the judgment awarding the writ can be made of any avail."

That is the. true doctrine, and it is the one recognized alike by the supreme court of the state and the supreme court of the United States. The effect of this is, that the action of the circuit court of Jefferson county, and the action of the county court in pursuance thereof, were nullities. The county judge has been examined on oath, and he disclaims any intention to disregard the mandate of this court, but he has made a mistake which may result to the prejudice of the relator's interests. We will reserve any further action against the county judge, in order to see whether his action shall in the end result injuriously to the parties.

CALDWELL, District Judge, concurs in the foregoing views, and in the following order:

"It is now ordered that the said rule against said Silverman be reserved for the further action of the court, and that John M. Clayton, sheriff and ex-officio collector of said county, do proceed to collect the taxes levied to pay the relator's judgment the same as if the said certiorari proceedings had not been had, and the judgment and orders of the circuit court, and of the county court setting aside said levy, had not been made. The said collector will collect the said tax as other delinquent taxes are collected, but without penalty upon all such taxes which

may be paid before the day when, by law, he is required to advertise real estate for sale for such delinquent tax. It is further ordered that a duly certified copy of this order shall forthwith be served by the marshal on said collector."

Ordered accordingly.