## HILL *v.* SCOTLAND COUNTY COURT.

*(Circuit Court, E. D. Missouri, E. D.* November 11, 1887.)

1. COURTS—MANDATE FROM FEDERAL COURT—INJUNCTION BY STATE COURT.
    The United States circuit court had, by a peremptory writ of *mandamus*, compelled the judges of the county court to levy a tax to pay a judgment against the county. Afterwards an action was brought in a state court, and the collection of the tax was enjoined. *Held*, that the action of the state court was an unwarranted interference with the United States court, and furnished no defense to a peremptory writ of *mandamus* by the United States circuit court to compel the collection of the tax.

2. SAME—MANDATE FROM FEDERAL COURT—TAX LEVY—VALIDITY OF BONDS.
    In his answer to an alternative writ of *mandamus* to compel the county clerk to show cause why he should not make a supplemental tax list, and extend thereon for collection certain taxes levied to pay a judgment on certain bonds of the county, he pleaded that the bonds had been adjudged invalid. *Held*, that this was no defense to the issuance of a writ of *mandamus* after a judgment on the bonds had been obtained.

Demurrer to Returns.

*John H. Overall* and *F. T. Hughes*, for relator.

*H. A. Cunningham*, for respondent.

THAYER, J., *(orally.)* I have examined the return filed by James R. Nesbitt, county clerk of Scotland county, and also the return filed by Joel Ewing, collector of Scotland county, to an alternative writ of *mandamus* issued in case No. 2,610, of *Hill* v. *Scotland Co.*, which commanded the county clerk to make out a supplemental tax book, and extend therein certain taxes that were levied by the county court of Scotland county on August 30, 1887, and which commanded the county collector, when the taxes should have been so extended, to proceed with the collection of the same.

Now the only reason assigned by the county clerk why he should not make out the supplemental tax book and extend the taxes therein is that he was enjoined by an order of the circuit court of Scotland county from so doing on the sixteenth day of September last. The only reason assigned by the county collector for failing to obey the writ is that he was enjoined at the same time from collecting those taxes, and furthermore, that he cannot proceed to collect the taxes until he is furnished with the tax book, and that the county clerk has been enjoined from furnishing such tax book. The force of the reasons assigned by these officers why they should not obey the command of the alternative writ, and also the order of the county court, or rather the want of force in the reasons assigned, is demonstrated by the following statement of facts:

Judgment was rendered in this case on the thirty-first of March, 1886, against Scotland county, and a peremptory writ of *mandamus* was awarded against the county judges of Scotland county, to compel them to levy a tax to pay that judgment, on the twenty-seventh day of April, 1887. In accordance with that writ, the county court ordered a levy of 14 mills on the dollar upon all the taxable property in the county, on the thirtieth of August, 1887, and by the same order directed the county clerk to make out a supplemental tax book, and extend the tax levied therein, and also directed the county collector to proceed and collect the taxes, and account for them as other taxes are accounted for. On the fifteenth of September, 1887, a suit by the state of Missouri at the relation of John B. Mudd, prosecuting attorney of Scotland county, against the county clerk, county collector, and county judges of Scotland county, was filed in the circuit court of Scotland county; and in that proceeding, on the sixteenth of September, an injunction was awarded against all the defendants, against extending the taxes on the supplemental tax book, and against collecting the tax of 14 mills on the dollar, which had been levied on the thirtieth day of August preceding.

Now, obviously the proceeding in the state court on September 15, 1887, was a direct and unwarrantable interference with the process of this court, as was held more than 20 years ago in the case of *Riggs* v. *Johnson*, 6 Wall. 194, and also in the case of *U. S.* v. *Silverman*, 4 Dill. 224, nearly 10 years ago. If the reasons alleged in the bill filed in the state court were sufficient reasons why a levy should not have been made, or a tax extended on the tax book, they should have been urged in this court when the writ was granted against the county judges; and if overruled, an appeal should have been taken to the United States supreme court. That was not done. The writ became final, and thereafter it could no more be interfered with by a state court than a writ of execution issuing from this court; and it makes no difference in this proceeding that the county clerk and county collector were not named in the peremptory writ issued against the county judges. They were county officials on whom the writ necessarily operated, because the tax ordered to be levied and collected could only be collected through their agency, acting under the orders of the county court. An injunction obtained against the county clerk or county collector *alone* would have been an un-

authorized interference with the process of this court, in so far as it sought to prevent the collection of the tax which this court had ordered. But in point of fact, the county judges were also embraced in the restraining order. The case has been argued for the respondents as if they had in this proceeding pleaded, in their return to the writ, the identical matters relied upon in the bill filed in the state court to obtain an injunction. But it will be observed on an inspection of the return that they have pleaded no such matters. They have planted themselves squarely on the ground that the injunction in the state court, no matter upon what ground it was granted, is a sufficient reason why a peremptory writ ought not to issue in this case. That plea, as it has been settled for years, is untenable.

The county clerk files an additional plea, to the effect that the bonds upon which the judgment in this case was obtained have been adjudged to be invalid in a proceeding or in a suit brought in the state court, which judgment, it is claimed, is binding upon the plaintiff in this case, because he was not an innocent purchaser of the bonds. That would be a good defense to a suit upon the bonds, but, as has been repeatedly held, especially in the case of *Ralls Co.* v. *U. S.*, 105 U. S. 734, it is not a defense which can be urged against the issuance of a writ of *mandamus*, after a judgment on the bonds has been obtained. The same point arose in a case decided in this court but the other day, against county judges of the same county. *Hill* v. *Judges of County Court of Scotland Co.*, *ante*, 714, (1153 and 1287 consolidated.)

The result is that the return in this case, No. 2,610, does not assign any sufficient reason why a peremptory writ should not issue; and the same is true of the returns filed in each of the following cases, which were submitted at the same time, viz.: Nos. 2,611, 2,612, 2,613, and 2,614. In all those cases, therefore, the demurrer to the respondents returns will be sustained.