## Case No. 15,51{

### UNITED STATES ex rel. STOCKTON v. KENDALL.

[5 Cranch, C. C. 385.] [1]

Circuit Court, District of Columbia. March Term, 1838.

MANDAMUS—WRIT OF ERROR—AFFIRMANCE—MANDATE—RETURN TO MANDAMUS—PAYMENT — INTEREST.

1. Upon the affirmance, by the supreme court of the United States, of the judgment of the circuit court awarding a peremptory mandamus, and upon receipt of the mandate of the supreme court, commanding "that such further proceedings be had in the court below as, according to right and justice and the laws of the United States, ought to be had," the court will not issue an attachment against the defendant for contempt in not obeying the former peremptory writ of mandamus, which was superseded by the writ of error, but will issue an alias writ of peremptory mandamus.

2. It is a sufficient return of a writ of mandamus to certify that the thing commanded has been done, although not by the defendant personally.

3. When the mandamus is to credit a certain sum of money, it is a sufficient obedience to the writ to credit that sum without interest.

A writ of error having been issued to the judgment of this court in March term, 1837, awarding a peremptory mandamus in this case [Case No. 15,517], and the judgment having been affirmed, the following mandate was received from the supreme court. "United States of America, ss.: The President of the United States of America: To the Honorable the Judges of the Circuit Court of the United States, for the District of Columbia, Holden in and for the County of Washington; Greeting. Whereas lately, in the circuit court of the United States for the District of Columbia, before you, or some of you, in a cause between the United States, at the relation of William B. Stokes, Richard C. Stockton, and Daniel Moore, plaintiffs, and Amos Kendall, postmaster-general of the United States, defendant, on petition for a writ of mandamus, wherein the said circuit court, on the 13th day of July, in the year 1837, made the following order for a

[1] [Reported by Hon. William Cranch, Chief Judge.]

peremptory mandamus, viz.: 'Whereas' &c. (reciting the order at full length), 'as by the inspection of the transcript of the record of the said circuit court, &c. fully and at large appears. And whereas at the present term of January, in the year of our Lord, one thousand eight hundred and thirty-eight, the said cause came on to be heard before the said supreme court, on the said transcript of the record, and was argued by counsel; on consideration whereof, it is adjudged and ordered by this court, that the judgment of the said circuit court be, and the same is hereby affirmed with costs. March 12th. You therefore are hereby commanded, that such further proceedings be had in said cause. as according to right and justice, and the laws of the United States ought to be had, the said writ of error notwithstanding.' Witness, &c."

Whereupon, Mr. Coxe for the relators, moved the court for an attachment against Mr. Kendall, for not having obeyed the peremptory writ of mandamus issued by this court, on the 13th of July, 1837, which writ this court had adjudged to be superseded by the writ of error.

THE COURT, however, refused now to issue an attachment for that cause, but on the 30th of March, 1838, directed an alias peremptory writ of mandamus to be issued, returnable on the 3d of April.

CRANCH, Chief Judge, thought that eight days should have been allowed for the return.

On the 3d of April, the peremptory writ of mandamus was returned with the following indorsement in the handwriting of the postmaster-general. "Post-Office Department, April 3d, 1838. Having communicated the awards of the solicitor of the treasury, referred to in the within writ, to the auditor of the treasury for the post-office department, who has the legal custody of the books on which the accounts of this department are kept. I have received from him official information, that the balance of said awards, viz. thirty-nine thousand four hundred and seventy-two dollars, and forty-seven cents, ($39,472.47) has been entered to the credit of the claimants in said books. Amos Kendall, Postmaster-General."

On the 4th of April, Mr. Coxe moved the court to quash this return of the peremptory mandamus, and to issue an attachment of contempt against the postmaster-general: (1) Because the return does not certify perfect obedience to the writ in this. that the postmaster-general has not certified that he has credited the relators, or caused them to be credited with the balance of the awards. (2) Because he has not certified that he has credited the relators with the interest upon that balance from the time it ought to have been paid until the time of giving the credit for the balance. Osborn v. U. S. Bank, 9 Wheat. [22 U. S.] 337; Thorndike v. U. S. [Case No. 13,987].

But THE COURT (nem. con.) overruled the motion: (1) Because the return substantially certifies that the credit has been given according to the command of the writ; and. (2) because the postmaster-general has not been commanded to credit the interest; and this court cannot, in this cause, compel him to credit it, so as to charge the United States with it, or to make him personally liable for it; or to bring him into contempt for not crediting interest upon the award, or any part of it.

CRANCH, Chief Judge. The question is, whether the postmaster-general has substantially done what he was commanded to do. The petition for the mandamus complains that the postmaster-general refused to pay or credit the petitioners the residue of the sum awarded by the solicitor of the treasury, being $39,472.47, or to pay or credit the interest upon such balance so withheld; wherefore they pray that a writ of mandamus may issue to the postmaster-general commanding him: (1) "That he fully comply with. obey, and execute, the aforesaid act of congress of July 2, 1836 [5 Stat. 80], by crediting your petitioners with the full and entire sum so awarded as aforesaid in their favor by the solicitor of the treasury as aforesaid, in conformity with said award and decision." (2) "That he shall pay to your petitioners the full amount so awarded, with interest thereon, deducting only the amount which shall be justly charged or chargeable to your memorialists against the same."

The act of congress of the 2d of July, 1836, enacts, that the postmaster-general "be, and is hereby directed, to credit such mail contractors with whatever sum or sums of money, if any, the said solicitor shall so decide to be due to them for or on account of any such service or contract." The rule to show cause was in conformity with the prayer of the petition for the mandamus. namely, to show cause why the postmaster-general should not be commanded, first, to comply with the act by crediting the petitioners with the full and entire sum so awarded, in conformity with the said award and decision; and, secondly, that he should pay the full amount so awarded, with interest thereon, deducting only the amount which shall be justly charged or chargeable to the said memorialists against the same.

The court, however, awarded the mandamus only upon the first branch of the prayer; because the act of congress did not require the postmaster-general to pay, but only to credit the contractors with the amount of the award; and because the court doubted its authority, in this form of proceeding. and upon the facts stated in the petition. to go into an investigation of the general account between the contractors and the department. which they must have done before they could say what amount should be justly charged or chargeable to the

memorialists against the amount of the solicitor's award.

The order of the court for the mandamus nisi recites the substance of the act of July 2, 1836, and of the award of the solicitor of the treasury; the payment of $122,101.46, and the refusal of the postmaster-general to pay or credit the residue, being $39,472.47; the petition for the mandamus; the rule to show cause, and the postmaster-general's failure to show cause, &c.; and then directs the mandamus nisi to be issued, commanding the postmaster-general to "credit such mail contractors with the full amount of money so awarded and decided by the said solicitor of the treasury to be due to said mail contractors, according to the true intent and meaning of the said award and decision, or that he show cause to the contrary," &c. The mandamus nisi has the same recitals, and commands the postmaster-general fully to comply with, obey, and execute, on his part, the aforesaid act of congress of July 2, 1836, "by crediting the said mail contractors with the full and entire sum so awarded and decided as aforesaid to be due to them, by the said solicitor of the treasury, according to the true intent and meaning of said award and decision, so that complaint be not again made to the said circuit court, and that you certify perfect obedience to. and due execution of, this writ, to the said circuit court, on Saturday the 10th of June, instant; or that you do, on that day," show cause to the contrary. The peremptory mandamus contains similar recitals; and that the mandamus nisi had been issued and served, and that no good cause had been shown, &c., and commands the postmaster-general "that he do forthwith and without delay, immediately upon the receipt of the writ, credit said mail contractors, as he was before commanded; and that he certify perfect obedience to, and full execution of said writ to this court, on the second Monday of August next," &c.

On the 12th of November, 1836, the solicitor of the treasury notified the postmaster-general that he awarded, in part, the sum of $110.140. and on the 23d of November, 1836, that he awarded the further sum of $52,-597.09. from which he afterwards deducted $1,163.16 for an error, leaving the sum of $51,433.93 to be added to the amount awarded on the 12th of November; making an aggregate sum of $161,573.93. Of this sum the postmaster-general credited the contractors with the sum of $122,101.46, and refused to credit them with the residue of the award. being the sum of $39,472.47, which sum was withheld by him from the 23d of November, 1836, until the same was passed to their credit by the auditor of the treasury for the post-office department on or about the 3d of April, 1838. Of the sum thus last awarded by the solicitor of the treasury, the sum of $6.893.93 was for interest upon certain items of current pay due to the con-

tractors quarterly. according to their contracts, and withheld by the postmaster-general, in order to reimburse the department for moneys supposed to have been improperly credited by the preceding postmaster-general for extra services, but which the solicitor of the treasury decided to have been correctly credited.

The aggregate of the sums upon which the solicitor thus allowed interest is $133,569.56. Of this sum the postmaster-general credited the contractors with $122,101.46 immediately after the award, leaving unpaid only $11,-468.10 of the amount, which the solicitor decided should bear interest; and this is the only part of the detained balance of $39,-472.47, which, according to the principles of the award, should (if any should) bear interest from the 23d of November, 1836, till the 3d of April, 1838. Of the residue of that balance, a part, namely, $6,893.93, consists of interest, and the residue of allowances for extra services, upon which the solicitor did not allow interest. If, therefore, the terms of the mandamus, which commands the postmaster-general fully to comply with, obey, and execute, on his part, the act of congress of July 2, 1836, "by crediting the said mail contractors with the full and entire sum so awarded and decided, as aforesaid, to be due to them, by the said solicitor of the treasury, according to the true intent and meaning of the said award and decision," can be construed to mean that he should credit the contractors with the entire sum so awarded, and interest thereon, according to the true intent and meaning of the award, the sum of $11,468.10 would be the only sum which, according to that intent and meaning, would carry interest. But I think the mandamus cannot be so construed. It contains no command to credit interest; and it gives no notice to the postmaster-general that interest would be required to be credited. The act of congress only requires him to credit "whatever sum or sums of money, if any, the said solicitor shall decide to be due." It says nothing of interest. The mandamus commands him to do only what the statute requires him to do. We cannot consider him in contempt for not doing more. We have now no means of knowing the state of the general account of the contractors with the department. The solicitor had no authority to settle that account; he was only to decide what allowances should be made upon certain items claimed by the contractors.

We do not know that advances may not have been made by the department to the contractors which would render it improper to allow them interest upon any of the allowances made by the solicitor. other than those upon which he has allowed interest; and that interest is stopped upon the sum of $122,101.46, paid shortly after notice of the award, leaving. as before observed, the sum of $11,468.10 only to carry interest,

if the state of the general account of the contractors with the department will justify it, of which, as before said, we have not the means of judging, even if we had authority so to do, in this form of proceeding, and in this stage of it.

Upon the whole, I am clearly of opinion, that the postmaster-general has substantially complied with the command of the peremptory mandamus, and that he cannot be considered in contempt for not crediting interest upon the balance of the award, or upon any part of it. And of that opinion was the whole court.