## Case No. 14,679.

UNITED STATES ex rel. HUIDEKOPER v. BUCHANAN COUNTY.

[5 Dill. 285.] [1]

Circuit Court. W. D. Missouri. 1878.

MUNICIPAL BONDS—ENFORCEMENT OF JUDGMENT —MANDAMUS—TAXES—WARRANT TO PAY JUDGMENT ON BONDS.

1. A judgment of the court upon the bonds of the county issued in aid of a railroad company may be enforced by a mandamus to compel the levy and collection of taxes; or, if the amount is already in the county treasury, applicable to such debts, to compel the county court to draw a warrant to pay the judgment. See, also, U. S. v. Greene Co. Ct [Case No. 15,259], and U. S. v. Lafayette Co. Ct. [Id. 15,549].

2. Such a duty is not judicial. State v. Macon Co. Ct. [68 Mo. 29], commented on.

3. Where two out of three judges of the county court refused to obey a peremptory writ of mandamus, they were ordered to return the writ into court, with a sworn return thereon, and also to show cause why they should not be attached for contempt.

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

The relator, Huidekoper, a judgment creditor of the county of Buchanan, a majority of whose county justices had refused to obey a writ of mandamus from this court, or to make any return thereof, moved for an order that the respondents, the county judges, be peremptorily commanded to return the writ, with a return thereon, and to show cause why they should not be attached for contempt. At the November term, 1878, counsel appeared for the respondents, and in argument denied the power of this court to issue, in such cases, a writ of mandamus to the judges of the county court, relying upon the recent decision of the supreme court of Missouri in State v. Macon Co. Ct. [68 Mo. 29].

Mr. Shippen, for relator.
Mr. Chandler, for respondents.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge (orally). The relator, a holder of bonds of Buchanan county, brought suit some years ago, in this court, upon coupons. The defendant resisted, but the plaintiff recovered judgment. The county never sought to have the judgment reviewed by the United States supreme court, but acquiesced therein. The case is reported [Case No. 6,847]. Subsequently it levied taxes to pay interest, and did pay some interest on the same issue of bonds. It levied a special tax for the purpose, and it is alleged without denial that there is about $45,000, the produce of this special tax, now in the county treasury, applicable to these debts. There it lies, liable to be lost, and doing no good. The debt, however, stands here uncontested, accumulating with interest and costs. The relator, having recovered another judgment, filed an information for a mandamus last July, stating these facts, and asked that the judges of the county court be required forthwith to pay or cause to be paid out of this fund the amount of this judgment. The peremptory writ was granted upon due notice, and made returnable on the first Monday of September last. The writ was duly served in July on each of the three judges of the county court. One judge returns that at a meeting of the county court he was ready and willing to obey, but the other two judges refused. The other judges make no return, but come at this time by counsel and move to arrest these proceedings, on the ground of there being no authority in this court to maintain them. This is based in argument on a recent decision of the supreme court of Missouri in the case of State v. Macon Co. Ct. [68 Mo. 29], wherein it is said that it is not competent for a court to issue its command to a county court to issue a warrant to pay a judgment. Clearly that part of the decision was not essential to the case before that court. Anterior to judgment, a county court cannot be compelled by mandamus

from this court to approve a claim. Passing thereon is a judicial act. But the law authorizes a county court to be sued; and when it comes and is heard by a court of competent jurisdiction. and a judgment is rendered against it, a solemn conclusion is reached. The claim is then judicially audited. and it is the duty of the county court to take the proper steps for its payment. Such is the duty of the county court, no less than of an individual against whom a judgment is rendered. But if a county court fails to do its duty, is that the end of the creditor's rights? Must he go to the county court and say, "Here is a United States circuit court judgment; please audit it?" And if it will not, must he appeal to the circuit court of that county, and thence, if the decision be against him, to the state supreme court? Thus, litigation begun in the federal court would end in the supreme court of the state, instead of the United States supreme court. Such is the inevitable result of the views the respondents have so zealously pressed upon us. The non-resident creditor has a right, under the constitution and laws of the United States, to bring his action in the federal courts. Nothing can be imputed to him if he avails himself of such a right, nor is any reflection whatever cast thereby on the state courts. Such is not the basis of our judgment on this application. We hold that this court has jurisdiction of these proceedings, and that it cannot be impeded in its action by the legislature or the courts of this state. Upon the motion herein by the relator we will grant an order for the respondents peremptorily to return the writ, with a sworn return thereto. and that cause be shown by the refusing judges why they should not be attached for contempt in not returning the writ; such return and showing to be made within ten days. Ordered accordingly.

[The cases of U. S. v. Greene Co. Ct.. Case No. 15.259. and U. S. v. Lafayette Co. Ct.. Id. 15,-549. were published as a note to this case in original report.]