## SMITH et al., commissioners, v. LOTT.

ATKINSON, J. 1. The case was submitted to the trial judge by agreement, on the petition and answer; and in view of the allegations of the petition and the admissions contained in the answer, the court was authorized to grant a mandamus absolute, requiring that the commissioners of roads and revenues of Wilcox County assess, levy, and collect a tax, sufficient in amount, on the taxable property of the county of Wilcox during the year 1921, to pay off and discharge the warrants as set out in the plaintiff's petition, and that the defendants pay off and discharge such indebtedness with the money so collected. Civil Code (1910), §§ 5539, 5775; *Wilson* v. *Gaston*, 141 *Ga.* 770 (82 S. E. 136); *Wright* v. *So. Ry. Co.*, 146 *Ga.* 581 (2) (91 S. E. 681). And this is so notwithstanding the county warrants were issued in the years 1919 and 1920 respectively, and the order requiring the tax levy to be made and collected was passed during the year 1921.

2. Whether a demand upon the county commissioners to levy and collect a tax as set out in the foregoing headnote is necessary, before a mandamus absolute will be granted, is not decided; the question not having been raised on the trial of the case, and it being made for the first time in the brief of counsel for the plaintiffs in error.

*Judgment affirmed. All the Justices concur.*

No. 2887. SEPTEMBER 26, 1922.

Mandamus. Before Judge Gower. Wilcox superior court. September 24, 1921.

J. W. Lott brought suit against Joe M. Smith, John Q. Wilson, and T. H. Gordon, the board of commissioners of roads and revenues of Wilcox County, and alleged in substance the following: It is the duty of the board of commissioners of roads and revenues to levy and collect a tax upon all property of the county, sufficient to pay the operating expenses of the county and the upkeep and operation of its chain-gang. The County of Wilcox is indebted to plaintiff in the sum of $358.81, besides interest since January 1, 1920, and the sum of seven dollars and interest since March 1, 1920, as evidenced by certain county warrants issued by Joe M. Smith, chairman, and H. A. Hodges, clerk, drawn on the treasurer of Wilcox County and endorsed by D. M. King, treasurer, January 1, 1920, in the following language: "Presented for payment; no funds on hand with which to pay the same. This 31st day of August, 1921. D. M. King, Treasurer." Also: "Pay to the order of any bank or banker or trust company. All prior endorsements guaranteed. Bank of Commerce, Americus, Ga. Lee Hudson, Cashier. Insufficient funds. January 1st, 1920. D. M. King, Treasurer." The above warrants were issued in payment

of materials furnished to the chain-gang of Wilcox County at the direction of the board of commissioners of roads and revenues. The warrants have been presented numerous times to the county treasurer; and payment was refused each time, for the reason that funds were insufficient to pay. Demand for payment has been made upon the board of commissioners, and payment refused. The prayer was, for a mandamus nisi, directed to the board of commissioners of roads and revenues, requiring them to show cause why a mandamus absolute should not be issued, requiring them to levy a tax upon all the taxable property of Wilcox County to satisfy the above-mentioned indebtedness; and for process.

The defendants filed an answer and admitted that it was their duty to levy and collect a tax upon all property in the county, sufficient to pay the operating expenses of the county and the upkeep and operation of its chain-gang. They admitted the issuance of the two warrants to the plaintiff, for materials furnished to the chain-gang of the county, payable from the funds set aside for the maintenance of the chain-gang. They denied that interest was due, and refusal of payment by them; but they neither admitted nor denied demand and refusal of payment by the county treasurer. Other parts of the answer were demurred to, and the demurrer was sustained; but no exception was taken to this ruling. The case was submitted on the petition and answer, without further evidence. The judge made the mandamus absolute, and the defendants excepted.

*H. A. Hodges* and *M. B. Cannon,* for plaintiffs in error.
*Bradley Hogg,* contra.