## SMITH, chairman, *et al. v.* LOTT.

Where a judge of the superior court by mandamus absolute requires the assessment, levy, and collection of a tax sufficient in amount to pay a particular and specific demand for which the county is liable, county commissioners to whom such mandamus absolute is directed cannot refuse to obey such order except at their peril; and where upon writ of error to test the correctness of the mandamus absolute the judgment of the trial judge is affirmed, the pendency of such writ of error presents no defense to an attachment for contempt brought in consequence of such disobedience.

No. 3561. OCTOBER 10, 1923.

Contempt. Before Judge Gower. Wilcox superior court. December 5, 1922.

*H. A. Hodges* and *Hal Lawson,* for plaintiffs in error.

*Bradley Hogg,* contra.

RUSSELL, C. J. J. W. Lott brought suit against Joe M. Smith, John Q. Wilson, and T. H. Gordon, the board of commissioners of roads and revenues of Wilcox County, in which it was alleged that it was the duty of the board of commissioners of roads and revenues to levy and collect a tax upon all property of the county, sufficient to pay the operating expense of the county and the operation and upkeep of its chain-gang. It was further alleged that the County of Wilcox was indebted to the petitioner in the sum of $358.81, besides interest since January 1, 1920, and the sum of seven dollars and interest since March 1, 1920, as evidenced by certain county warrants issued by Joe M. Smith, chairman, and H. A. Hodges, clerk. The above warrants were issued in payment of materials furnished to the chain-gang of Wilcox County at the direction of the board of commissioners of roads and revenues. The plaintiff prayed for a mandamus nisi requiring the commissioners to show cause why a mandamus absolute should not be issued, requiring them to levy a tax upon all the taxable property of Wilcox County to satisfy the above-mentioned indebtedness. The defendants filed an answer, and admitted that it was their duty to levy and collect a tax upon all the taxable property in the county, sufficient to pay the operating expenses of the county and the upkeep and operation of its chain-gang. They admitted the issuance of the two warrants to the plaintiff, for materials furnished to the chain-gang of the county, payable from the funds set aside for the maintenance of the chain-gang. They denied that interest was

due, and refusal of payment by them; but they neither admitted nor denied demand and refusal of payment by the county treasurer. The trial judge made the mandamus absolute, and on review by this court upon writ of error the judgment was affirmed on September 26, 1922. *Smith* v. *Lott,* 154 *Ga.* 259 (114 S. E. 30). The commissioners having failed and refused to levy said tax as ordered by the lower court and affirmed by the Supreme Court, Lott filed a petition on December 5, 1922, asking for the issuance of a rule nisi requiring the aforesaid commissioners to appear before the judge of the superior court of Wilcox County to show cause why they should not be adjudged in contempt of court for not obeying the order of the mandamus absolute, and for not assessing, levying, and collecting a sufficient amount of taxes to pay off and discharge said obligation. On December 16, 1922, a hearing was had upon the rule nisi; and the commissioners, now plaintiffs in error, were adjudged in contempt and were ordered to pay to plaintiff the sums set out in said warrants within the next five days, or, in default thereof, they be held in the county jail of Wilcox County, Georgia, until said amounts were paid to plaintiff, as also the costs. To this judgment exception is taken by the present bill of exceptions, and the writ of error challenges the correctness of this disposition of the case.

We find no error on the judgment of the court. When the case was here before this court held, that, " in view of the allegations of the petition and the admissions contained in the answer, the court was authorized to grant a mandamus absolute, ·requiring that the commissioners of roads and revenues of Wilcox County assess, levy, and collect a tax, sufficient in amount, on the taxable property of the County of Wilcox during the 1921, to pay off and discharge the warrants as set out in the plaintiff's petition, and that the defendants pay off and discharge such indebtedness with the money so collected." Consideration of all the questions raised in the present record as to the amount of taxes that could be raised or were collected in 1921, and the fact that this money has been otherwise paid out, is precluded by the prior judgment in this case when the mandamus absolute was under review. It is unnecessary to inquire into the merits of the excuses presented by the plaintiffs in error for their failure to comply with the order of the trial judge. The former decision of this case is res adjudicata, and the

rulings of this court upon the mandamus absolute certainly made the requirements contained in the order of the trial judge the law of this case. For that reason the answer of the commissioners to the rule in the case for attachment for contempt presented no defense. As affirmed by this court, the lower court was authorized to require the commissioners to assess, levy, and collect a tax on the taxable property of the County of Wilcox during the year 1921, sufficient in amount to pay off and discharge the warrants and interest thereon as set out in plaintiff's petition, and to pay off such indebtedness with the money so collected. Under this specific and definite order all portions of the answer setting up the various amount assessed, levied, and collected in the years 1921-1922 are immaterial and nugatory, as also allegations setting up that larger sums could not have been levied in these two years; for it was admitted that no special levy to pay the demand of the plaintiff was ever made. The fact that the commissioners took no steps whatever to obey the mandate of the court as contained in the mandamus absolute is frankly admitted. The only excuse for disobedience of the order of the court is that the plaintiffs in error had carried the judgment granting the mandamus absolute by bill of exceptions to the Supreme Court, and did not think it necessary to comply with the order of the lower court until the case had been decided by this court.

The decision and action of the commissioners in the premises affords no legal reason why they should escape attachment for contempt embodied in the judgment now under review. The plaintiffs in error willfully took chances in disobeying the mandamus absolute. As held in one of our earliest cases, the pendency of a writ of error does not impair or affect the judgment of the superior court. It is binding until reversed, and, when affirmed, is binding ab initio. *Allen* v. *Savannah, 9 Ga.* 286. In this case it was held that "Where a cause is carried up, and the judgment of the superior court affirmed, it takes effect from the date of the first judgment." Judge Lumpkin, who delivered the opinion, said that "Writs of error are upon *final,* as contrasted with *interlocutory* judgments, meaning, by the words final judgment, one which determines the particular cause. 1 Wend. 35; 4 Cowen, 82; 6 Johns. 337; 2 Mass. 142; 3 Binney, 531; 9 Pierce, 606; 3 T. R. 78; 2 Salk. 504; 4 Rawle, 355; 2 Peters, 464, 465; 5 Conn. Rep. 356,

357; Tillinghast & Yates, Treaties on Error and Appeals, *passim*. The inference to be drawn from these authorities is, that the judgment of the court below is considered, at common law, *a final judgment*, and the object of the new proceeding by writ of error is to test this judgment by the law, the result being, on such an examination, either its affirmance or reversal. By the act of 1845, as well as by the common law, a writ of error is no *supersedeas* of execution, unless bond and security is given. The first judgment is treated, to all intents and purposes, as a final judgment. Indeed, if it be sustained, none other is awarded. And the statute expressly provides that judgment in the court below, if affirmed, shall not lose any lien or priority by reason of the proceedings in the court above. Pamphlet Laws, 1845, p. 21. Our conclusion, therefore, is that the pendency of the writ of error did not affect the judgment of the superior court declaring void the ordinance of 1842, imposing a tax upon income. It was binding until reversed, and, being affirmed, it was binding ab initio. The only effect of the judgment of the Supreme Court, in January, 1850, was the judicial ascertainment of the fact, from an examination of the record, that the ordinance of November, 1842, was always a nullity, so far as income tax was concerned, the corporation possessing no authority to impose it, and of course was inoperative on the 8th of December, 1849, when the act of the legislature was passed."

When this court affirmed the judgment of the superior court upon the mandamus absolute, which ordered the commissioners to levy a special tax to pay this particular debt, and the remittitur was filed in the clerk's office of the superior court of Wilcox County, the superior court of Wilcox County was reinvested with jurisdiction of the case, and therefore had jurisdiction to render the judgment upon the rule nisi, holding the commissioners in contempt of court. Under the original order of the court, previously reviewed by this court (154 *Ga.* 259, supra), the commissioners had no alternative except to proceed to assess, levy, and collect a sufficient sum to pay this debt. The fact that they had sued out a bill of exceptions presented no excuse for disobeying the order of the court; and the trial judge did not commit any error in rendering the judgment of which complaint is made.

*Judgment affirmed. All the Justices concur.*