THE STATE OF FLORIDA, ex rel. J. W. GILLESPIE, et al., *Relators,* v. H. H. BASKIN, et al., *Respondents.*

136 So. 262.

Division B.

Opinion filed July 4, 1931.

*Vocelle & Mitchell,* of Vero Beach, and *H. A. Lasseter,* of . . . . . . . . . . . ., for relators;

*Jones & White,* of Clearwater, for Respondents.

DAVIS, J.—This is a case of original jurisdiction. On May 23, 1931, this Court issued an alternative writ of mandamus directed to the respondents, the city officials of the City of Clearwater, Florida, requiring them to revise the budget of said city for the fiscal year 1931-1932, and to include therein a sufficient tax levy with which to pay certain delinquent interest and certain principal and interest maturing during the fiscal year on certain bonds of the City of Clearwater. All of the bonds in question, as well as the coupons, were issued under authority of Chapter 10393, Laws of Florida, Acts of 1925. They were heretofore issued and sold by the city of Clearwater, and some of them are shown to be now owned and held by relators. A motion to quash the alternative writ has been filed by the respondents. A motion for the issuance of a peremptory writ has been filed by the relators. The question to be decided by the court on this state of the pleadings is whether or not the alternative writ shall be quashed or a peremptory writ issued.

It is shown that the City of Clearwater has an outstanding bonded debt of $6,320,200.00; that during the ensuing fiscal year there will mature $394,800.00 of the principal of said bonded debt; that the interest requirements for this same period will be $343,589.00; that the

City is in default on its principal bonds in the sum of $294,000.00; that the City is in default on its interest in approximately $178,876.00; that the total principal and interest requirements of the City of Clearwater up to June 30, 1932, will aggregate the sum of $1,211,274.00.

The alternative writ does not disclose what portion of the total bonded debt is represented by bonds solely dependent for their payment upon the levy of an *ad valorem* tax. It does not show what portion is represented by bonds for which there is provided by law a primary source of payment other than the levy of a general *ad valorem* tax. The writ does not disclose what portion of the City's bonded debt, either principal or interest, will fall due within the period from January 1, 1931, and December 31, 1931, both inclusive, which respondents insist is the fiscal year for the City of Clearwater.

The material facts disclosed by the writ are that the relators hold matured coupons of bonds issued under Chapter 10393, Laws of Florida, Acts of 1925, in amount of $4,290.00, which matured December 1, 1930, and also six of the bonds maturing June 1, 1931, as well as $4,500.00 of interest coupons maturing June 1, 1931, and twenty-one bonds with coupons attached maturing June 1, 1932.

As we have previously pointed out, all of the bonds, as well as the interest coupons thereon, were issued pursuant to Chapter 10393, Laws of Florida, Acts of 1925, hereinbefore referred to. This Act is in substance the same in purpose and effect as Chapter 9298, Acts of 1923, General Laws of Florida, which has heretofore been construed and upheld by this Court.

Section 1 of said Chapter 10393, Acts of 1925, provides in part as follows:

"Such bonds shall be general obligations of the municipality, and if special assessments be not imposed and collected in respect of the improvement in season to pay the principal and interest, the municipality by

its governing authority and other officers shall levy and collect on all the taxable property in the municipality a tax sufficient to pay such principal and interest as the same respectively become due and payable.''

In the case now before the Court it is shown that the City of Clearwater is in default in the principal of its bonds in the sum of $294,000.00. It is further shown that said City is in default on the interest on its bonds in the sum of $178,876.00. The principal and interest requirements for the ensuing year will be $738,398.00, to meet which the City has provided an *ad valorem* tax which if wholly collected will produce the sum of $228,552.00. Included in the budget is an item of $117,800.00 from other sources which the City estimates will be collected from delinquent taxes and otherwise, making a grand total of $346,352.00 expected revenue if all is collected. This is alleged to constitute about one-third of the amount necessary to pay the matured and maturing obligations of the City of Clearwater during the ensuing fiscal year, assuming that the fiscal year runs from July 1, 1931, to July 1, 1932, as contended by relators. It is further alleged that no provision whatever is made in the contemplated budget for the payment of the principal or interest on any of the so-called special assessment bonds which are the character of bonds provided for by said Chapter 10393, *supra*, and the character of bonds alleged to be held by relators.

The motion to quash the alternative writ, which is the only response filed by the City, admits the foregoing allegations of the alternative writ to be true. Whether or not the fiscal year of the City of Clearwater is from July 1, 1931, to July 1, 1932, or from January 1, 1931, to January 1, 1932, is immaterial to the rights of the relators and the respondents on the case made by the pleadings now before the Court.

These pleadings show that the City has no money to pay

the principal or interest due or to become due on its bonds and that it has failed to collect the special assessments primarily pledged for insuring payment. The pleadings also show a clear breach of duty on the part of the City of Clearwater in failing to make the required statutory levies to provide for the principal and interest on bonds issued under Chapter 10393, Acts of 1925, Laws of Florida, regardless of what the fiscal year may be. The relators are holders of some of the obligations, with regard to which this duty of the City of Clearwater remains unperformed. As such they have the legal right to invoke the aid of the courts by mandamus to compel the performance of the statutory duty of the city, not only to pay the particular interest or the particular principal upon the bonds held by the relators, but to perform the duty which remains unperformed with reference to this issue of bonds.

Such duty is plain and its performance mandatory. In directing it to be carried out, the courts will not attempt to apportion and require the performance of only that part of the required acts which will peculiarly benefit a particular relator who invokes the jurisdiction of the court. This duty is required to be performed for the benefit of the holders of bonds and coupons as a class and not individually and separately. It is a duty resting in contract but the performance of which is secured and guaranteed by law. It cannot be circumvented or evaded, but must be carried out in strict accordance with the controlling statute.

The case at bar is similar to, if not almost identical with, the case recently decided by this court on June 29, 1931. See Rountree et al., as and constituting the City Commission of the City of Punta Gorda, v. State of Florida, ex rel. Georgia Bond & Mortgage Co., 102 Fla. ..., 135 So. 888. On the authority of that case, as well as the cases of Klem v. Davenport, 100 Fla. 627, 129 So.

904, and State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533, the motion to quash the alternative writ of mandamus must be denied.

The command of the alternative writ is that the respondent City Officials of Clearwater convene as the City Commission and revise the budget of the City of Clearwater for the fiscal year 1931-1932 so as to include in said budget, and provide and appropriate for the payment thereof, a sum equal to all past due interest and/or principal and interest which will mature prior to expiration of the fiscal year for the said city for the year 1931-1932 upon the bonds and interest coupons owned and held by the relators and that a tax be levied and assessed upon all of the taxable property in said City of Clearwater sufficient to provide such sum, taking into consideration the probable percentage of uncollected taxes for the year 1931, and that appropriate proceedings be taken by the several city officials charged with the enforcement of said taxes to have the same collected.

If, as contended by the respondents, the fiscal year of the city is from January 1, 1931, to January 1, 1932, instead of from July 1, 1931, to July 1, 1932, there is nothing in the command of the alternative writ which requires the city to set up or maintain a different fiscal year from that which actually exists in the city according to law. A description of the fiscal year as being the fiscal year 1931-1932 referred to in the mandatory part of the writ will be construed as referring to the actual fiscal year of the City of Clearwater in that regard.

The alternative writ which is sought to be quashed, however, distinctly alleges that the fiscal year of the City runs from June 30, to June 30. Such allegation is on the face of the pleadings, admitted to be true as alleged.

From what has been said it follows that the motion to quash the alternative writ must be denied, with leave to respondents to file such answer as to them may seem appropriate within ten days.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.