E. A. SMITH, as Mayor of City of Sarasota, *et al.*, v. STATE, *ex rel.* M. M. ALLY, a widow.

171 So. 513.
Division B.
Oipnion Filed December 18, 1936.

*Harrison E. Barringer,* for Plaintiffs in Error;

*C. L. McKaig,* for Defendant in Error.

PER CURIAM.—Under the writ of error we are asked to review final judgment awarding peremptory writ of mandamus.

The only question presented for our determination is as stated by the plaintiff in error, as follows:

"Whether it is error for the Court to order alternative and peremptory writs of mandamus requiring the levy of a tax to pay the relator's claim 'taking into consideration the usual percentage of taxes paid during the year.'"

The question must be determined adversely to the contention of plaintiff in error on authority of the opinion and judgment in the case of State, *ex rel.* Gillespie, v. Baskin, *et al.,* 102 Fla. 329, 136 Sou. Rep. 262.

This case is to be distinguished from the case of State, *ex rel.* Havana State Bank, v. Rodes, 116 Fla. 824, 157 Sou. Rep. 33, which was decided on the basis of the particular budgetary statutes applicable to county finances under the county budget law.

It follows that the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J. (dissenting).—As I see it, the effect of the statutes relating to the City of Sarasota is that in making up the budget they should be governed by the laws applicable to County Commissioners. Hence the principle stated in the Rodes case, above cited, should apply.