## UNITED STATES ex rel. JONES v. CITY OF WEST PALM BEACH et al.

### No. 8299.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1938.

HUTCHESON, Circuit Judge, dissenting.

L. O. Casey, Miller Walton, and Frank O. Spain, all of Miami, Fla., and J. Velma Keen, of Tallahassee, Fla., for appellant.

Paul W. Potter, of West Palm Beach, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant moved for an alias peremptory writ of mandamus, and also for an order to show cause why the respondents should not be adjudged in contempt. The District Court sustained a demurrer to the first motion and overruled the second. The facts being undisputed, the question is whether the process prayed for should have been granted.

On October 16, 1935, a peremptory writ of mandamus was issued by the court below commanding appellees, before the 1st day of November, 1935, to levy and collect a tax for the said fiscal year, for the sole and exclusive use and benefit of the relators, upon all taxable property within the territorial limits of the City of West Palm Beach, Fla., sufficient to pay two certain named judgments of relators, with interest thereon.

The two judgments were rendered against the city, and aggregated $27,053.52, with interest upon each from date of its rendition. The writ further commanded that the proceeds of the tax be paid to relators' attorneys in satisfaction of the judgments. Pursuant to the commands of said peremptory writ, respondents made a levy and realized therefrom enough money

to pay said judgments only in part, leaving a balance on each due and unpaid. It was served upon each of the respondents, but no certificate of compliance was filed by them, nor did they submit any return showing that they had obeyed its commands.

Where a peremptory writ of mandamus issues out of a court of competent jurisdiction, implicit obedience to the mandate is required. In case of a partial performance, an alias writ should be issued upon proper application therefor, since the respondents have no discretion to perform a part and omit the balance. The writ must be obeyed according to its terms. State ex rel. Durrance v. City of Homestead, 125 Fla. 105, 169 So. 593, 594. In the just cited case, the Supreme Court of Florida said:

"Since a peremptory writ of mandamus is issued only when and if it can be enforced, and since the judgment awarding a peremptory writ is in effect an adjudication by the court issuing it that respondents have it within their power, if they wish, to obey its commands, the only response that is permissible to a peremptory writ of mandamus when issued is the return of strict and literal performance of what it commands. State v. McLin, 16 Fla. 17; State ex rel. DuPont Ball, Inc. v. Livingston, 104 Fla. 33, 139 So. 360. And as evidence of such performance a certificate showing the doing of the acts commanded to be done is the only permissible return to the peremptory writ. State v. Board of County Canvassers of Alachua County, 17 Fla. 9; State v. Tavarse & G. R. Co., 78 Fla. 329, 82 So. 833.

"The only exception to the foregoing rule is where subsequent to a judgment awarding a peremptory writ of mandamus a supervening and supererogatory authority has made the doing of the acts commanded unlawful or impossible, thereby bringing about a change of conditions occurring after the issuance of the peremptory writ that thereupon make compliance with its commands improper to be exacted, in which case a special return in the nature of a petition for stay of execution of the peremptory writ is tolerated and allowed to be interposed for consideration by the court, in order that the innocent respondents may be enabled to protect themselves against conflicting requirements of two conflicting jurisdictions. In the latter instance, if the special return be ascertained to be well founded, the state court may stay the execution of its peremptory process of mandamus upon the same principle that it is allowed to stay under like circumstances the enforcement of any final process of execution that has been issued by its command or authority. State ex rel. Davis v. Atlantic Coast Line R. Co., 103 Fla. 1204, 140 So. 817, 824.

"But all matters of law and fact that could have been pleaded in defense of compliance with the alternative writ prior to the award of a peremptory writ are foreclosed by the judgment awarding a peremptory writ of mandamus. And no evasive or dilatory allegations should be allowed to be set up in a return to a peremptory writ, as reasons why respondents have not obeyed the peremptory writ, since the granting of a peremptory writ of mandamus implies that the parties respondent have been fully heard, or have had lawful opportunity to be heard, as to all justifications and excuses for not doing the things sought by the alternative writ of mandamus to be ordered in a peremptory writ of the same legal tenor and effect. State ex rel. Bisbee v. Board of County Canvassers of Alachua County, 17 Fla. 9.

"Where an injunction, mandamus, or other like process of a court has been allowed or adjudged to a party plaintiff upon due procedure invoked in the judicial forum therefor, it is the inescapable duty of the court to act for the vindication of the court's authority with respect to its outstanding and unrecalled writs and orders, and the party who has obtained such order or process has the legal right to demand and insist that such injunction, mandamus, or other like process be enforced, and it is the duty of the court or judge having control over such process to see to it that the court's process or order is not disregarded or violated to the injury of the party seeking and obtaining same as a matter of judicial right in the premises. Seaboard Air Line R. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529, and cases cited.

"The judgment below refusing to compel lawful obedience to the peremptory writ of mandamus issued in plaintiff in error's behalf should, for the reasons set forth in this opinion, now be reversed, and the cause thereupon remanded to the circuit court, with directions to issue an order repeating the mandate of the peremptory

writ, and directing strict compliance with the directions and order of the court in that regard, and requiring that the respondents therein named do perfectly execute the duty therein and thereby commanded by a specified reasonable date and hour to be designated therein and that a rule be issued contemporaneously therewith, returnable at the same time, requiring the respondents to show cause why they should not be attached for contempt for their existing default in performance of the original peremptory writ as served upon them and not by them heretofore obeyed, as complained of in these proceedings. See State ex rel. Drew v. McLin, 16 Fla. 17; The President ex rel. Moran v. Mayor, etc., of Elizabeth (C.C.) 40 F. 799; United States v. Justices of Lauderdale County (C.C.) 10 F. 460; United States ex rel. Huidekoper v. Buchanan County, 24 Fed.Cas. 1288, No. 14,679, 5 Dill. 285; In re Delgado, 140 U.S. 586, 11 S.Ct. 874, 35 L.Ed. 578."

In State v. McLin, 16 Fla. 17, 60, the court said:

"There is strictly no return to a peremptory writ. It is to be obeyed, and a certificate is made of what has been done. * * * The granting 'a peremptory writ implies that the party has been fully heard, and therefore he can allege no reason why he has not obeyed it.'"

In view of these and other decisions by the Supreme Court of Florida, as well as by other courts both state and federal, we think the court erred in denying appellant the process sought.[1] Therefore, the judgment of the District Court is reversed and the cause remanded with directions to issue the order to show cause and the alias peremptory writ of mandamus, and for such further proceedings as may be proper and not inconsistent with this opinion.

Reversed.

HUTCHESON, Circuit Judge (dissenting).

My differences with the majority arise not out of anything said or quoted in the opinion, except the conclusion that "the court erred in denying appellant the process sought."

If the case before us for decision were the case the majority opinion assumes it is, a simple request for an alias peremptory writ exactly conforming to the original writ, to do or finish what the original peremptory writ had commanded, Clearwater v. State, 108 Fla. 623, 147 So. 459; Bradentown v. State, 117 Fla. 578, 158 So. 165; Pritchard v. State, 111 Fla. 122, 149 So. 58; State v. Tucker, 106 Fla. 905, 143 So. 754, I would agree with the majority that the District Judge was wrong

---

[1] President ex rel. Moran v. Mayor, etc., of City of Elizabeth, C.C., 40 F. 799; United States v. Justices of Lauderdale County, C.C., 10 F. 460; United States ex rel. Huidekoper v. Buchanan County, 24 Fed.Cas. 1288, No. 14,679, 5 Dill. 285; Delgado v. Chavez, 140 U.S. 586, 11 S. Ct. 874, 35 L.Ed. 578; U. S. ex rel. Thompson v. Lee County, 26 Fed.Cas. 911, No. 15,589, 2 Biss. 77; U. S. ex rel. Hewett v. Silverman, 27 Fed.Cas. 1077, No. 16,288, 4 Dill. 224; U. S. v. Treasurer of Muscatine County, 28 Fed. Cas. 213, No. 16,538, 1 Dill. 522, 2 Abb. U.S. 53; U. S. v. Green, C.C., 53 F. 769; In re Copenhaver et al., C.C., 54 F. 660; Evans, County Judge v. Yost, 8 Cir., 255 F. 726; Smith v. Lott, 156 Ga. 590, 119 S.E. 400, 30 A.L.R. 145 (See also Annotation page 148); Ball v. Wright, 115 Ga. 729, 42 S.E. 32; Town of Adel v. Littlefield, 149 Ga. 812, 102 S.E. 433; State, ex rel. Eder v. Searles, 141 Minn. 267, 170 N.W. 198; State v. Crites, 48 Ohio St. 460, 28 N.E. 178; State ex rel. Havana State Bank v. Rodes, 116 Fla. 824, 157 So. 33; State ex rel. Gillespie v. Baskin, 102 Fla. 329, 136 So. 262; Smith v. State ex rel. Ally, 126 Fla. 546, 171 So. 513; Rountree v. State ex rel. Georgia Bond & Mortgage Co., 102 Fla. 246, 135 So. 888; Norris v. Montezuma Valley Irr. Dist., 8 Cir., 248 F. 369; United States v. Saunders, 8 Cir., 124 F. 124; Lafayette County v. Wonderly, 8 Cir., 92 F. 313; United States ex rel. Stockton v. Kendall, 26 Fed.Cas. 755, No. 15,518, 5 Cranch, C.C. 385; Newman v. Justices of Scott County, 1 Heisk., Tenn., 787; People ex rel. City and County of Denver v. District Court, 81 Colo. 163, 255 P. 447; 19 Am. & Eng.Enc. 900; 13 Enc.Pl. & Prac. 504; 2 Freeman on Judgments, 5th Ed., § 826; 38 C.J. 937, § 726; Ferris Extraordinary Legal Remedies, Sec. 254–255; City of Memphis v. Brown, 97 U.S. 300, 24 L.Ed. 924; Humphreys v. State ex rel. Palm Beach Co., 108 Fla. 92, 145 So. 858; United States v. City of Key West, 5 Cir., 78 F. 88; Coy v. City Council of Lyons, 17 Iowa 1, 85 Am.Dec. 539; City of Fort Lauderdale v. State ex rel. Elston Bank & Trust Co., 125 Fla. 89, 169 So. 584.

in not ordering its issuance; but, as I read the record, no such case is before us. What is before us is an attempt, on the part of appellant as relator below, to abandon the peremptory writ he first got out, to sue out, under the guise of an alias writ, another original writ. So suing, he was bound to submit his request for a writ to the informed discretion of the District Judge.

The majority opinion does not point out what I think is the determining factor here, that the peremptory writ originally awarded relator was for a specific levy, in a specific year, to be earmarked and paid into a special fund as collected, and out again to the relator until the earmarked levies and their proceeds had paid his judgment. What he sought under the guise of an alias peremptory writ was not an order requiring that this money be kept earmarked, and paid out to him as collected. He admits that this has been done. It was a new and original mandate, requiring a levy in a subsequent year, of a sufficient amount to pay the balance unpaid on his judgment.

I do not doubt that he had a right to make this application, but I equally do not doubt that when he made it he submitted himself to the informed discretion of the District Judge, to order a new writ adapted to the circumstances which then appeared.

Appellant cites no case, the majority does not, I can find none, where, upon an application for an alias writ of mandamus, a writ, other than, or different from, the original peremptory writ, was authorized. If the original writ had in general terms ordered the levy of a tax for 1935 and 1936, and for each succeeding year until the judgment was paid, everything the majority opinion says would have been applicable. But that is not the case the appeal has brought here. This case simply is one in which appellant, as relator, seeks an alias writ, not in the terms, but in contradiction of, the original writ he got.

I do not, however think the judgment should be affirmed. I think it should be reversed, both because the writ the judge proposed was, as limited to a single year, opposed to the principles pointed out by us in United States ex rel. Metzger v. City of Vero Beach, 5 Cir., 90 F.2d 70, and because, under the facts in evidence, I think there was an abuse of discretion in offering the relator a writ which spread the collection of his judgment over ten years. The judgment should, in my opinion, be reversed, with directions to entertain appellant's application for an additional writ of mandamus, and to grant him one under the application of settled equitable principles. City of Asbury Park v. Christmas, 3 Cir., 78 F.2d 1003; State ex rel. Bottome v. City of St. Petersburg, 126 Fla. 233, 170 So. 730; City of Sarasota v. State of Florida, 127 Fla. 126, 172 So. 728.

I respectfully dissent.