**BLOCK et al. v. CITY OF WEST PALM BEACH et al.**

No. 9492.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1940.

Robert H. Anderson, Paul R. Scott, and N. J. Rosenstein, all of Miami, Fla., for appellants.

Paul W. Potter, of West Palm Beach, Fla., and E. J. L'Engle and J. W. Shands, both of Jacksonville, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Pursuant to a Plan of Adjustment of appellee city's debts, the holders of 93% of the indebtedness, accepted and received refunding bonds, issued August 1, 1936. Appellants are the holders of 188 of these bonds. As such holders, appellants sued the appellees, City and Cook & Company, alleging that the City, in abandonment and violation of the terms of the January 1, 1936, contract,[1] under which the bonds were refunded, had dismissed proceedings in bankruptcy which it filed under Section 83, sub. j of the Bankruptcy Act to compel the 7% non-assenting bondholders to come in, and had voluntarily entered into a contract with Cook for the refundment of these bonds on terms far more advantageous than those provided for in the 1936 plan.

The prayer was (a) for specific performance of the City's agreement not to permit non-assenting creditors "to obtain any preference or priority over assenting creditors", and (b) for an injunction preventing the City from carrying out the Cook contract, or in the alternative, (c) that the contract of January 1, 1936, be rescinded as to plaintiffs and that plaintiffs be restored to their position as holders of the original bonds.

Defendants answered, admitting that the facts were substantially as they were alleged by plaintiffs, but they insisted that these facts failed to state a claim on which plaintiffs were entitled to any of the relief they sought. Appealing from a judgment on the pleadings, dismissing their complaint, plaintiffs insist that the judgment was wrong and must be reversed. We do not think so.

Section 902 of the Bond Plan on which appellants place their reliance is not, as they claim, an agreement, that the City will not enter into a voluntary plan of adjustment with nonassenting creditors on better terms than those the assenters have accepted. It is an agreement that the City will not voluntarily suffer, or permit its non-assenting creditors to obtain, a preference or priority in payment over those assenting. By the section in ques-

---

[1] Section 902; 11 U.S.C.A. § 403, sub. j. The City will not voluntarily suffer or permit a creditor who is not assenting creditor to obtain any preference to or priority over assenting creditors.

951

tion the City clearly agreed not to voluntarily permit or suffer judgments to be obtained against it in mandamus proceedings, which under Florida's first come first serve rule,[2] will give the holders of such judgments a preference in payment over creditors not so situated. Cf. United States v. City of West Palm Beach, 5 Cir., 94 F.2d 320, 114 A.L.R. 1282; Vallette v. City of Vero Beach, 5 Cir., 104 F.2d 59; Touchton v. Ft. Pierce, 5 Cir., 109 F.2d 370. No claim is made that the City has suffered or permitted such judgments. None is, nor could any be, made, that by the contract with the bondholders represented by Cook, the City has preferred them in payment. Cf. Vallette v. City of Vero Beach, supra.

■ But, if the meaning appellants claimed for it could be read into the section, this would not avail plaintiffs here, for the contract for the plan has been merged into and superseded by the refunding bonds which plaintiffs accepted in execution of the plan,[3] and it is on the refunding bonds and not on the contract that plaintiffs must sue, if at all. The refunding bonds will be searched in vain for any provision dealing with or looking to the situation with which this suit purports to deal. Indeed, plaintiffs do not sue on them. Without alleging fraud, concealment or overreaching of any kind, they invoke the principle applicable in cases of fraud and concealment that a composition in which some of the creditors have secretly received better terms than the composition agreement provides for, may on the complaint of creditors discriminated against, be set aside. Von Eberstein v. Standard Oil, 41 Ga.App. 770, 154 S.E. 912. That principle has no application here. There is no claim here of fraud. In this case the City has at all times, proceeded openly. Its contract with Cook was openly made. The refunding bonds openly issued, were judicially validated. State v. City of West Palm Beach, Fla., 193 So. 839. Against the claim, there asserted, that Section 902 prevented the City's action, it was precisely adjudicated in that case that it did not prevent the city from exercising its statutory municipal authority to issue refunding bonds in exchange for existing outstanding bonds held by those who had not assented to the plan.

The case at bar is one at best for plaintiffs in which, after agreeing with some creditors that it would not deal on better terms with others, the debtor openly and without concealment, gives other creditors better terms.

■ Such a situation makes out merely a case of breach of contract and not one for rescission. Re, Sturges, Fed.Cas. No. 13,565; Clarke v. White, supra, Argall v. Cook, 43 Conn. 160; (1) Black on Rescission, page 8.

■ Nothing in the bond plan required or looked to the assent of the holders of all the securities. On the contrary, Article 8 of the plan styled "conditions precedent to the obligation of the creditor to accept new bonds" conditions everything on the assent of creditors holding 60% of the bonds and it also provided that compliance with the conditions of this section might be waived by the holders of 60% of the debt to be extended. Thus showing plainly that while it was no doubt the hope, it was in no sense the condition of the plan that all bondholders should assent, but on the contrary, the only definite commitment of the plan as to the number to make it effective, was that 60% must agree to certain conditions and that 60% could waive those conditions.

■■ If then, the invoked section is a promise that the city will not refund the bonds of non-assenters on better terms than those of assenters and if it persists with the issuance of and follows into the refunding bonds so that plaintiffs as assenters to the plan and acceptors of the bonds, may still sue upon it, they still make out no cause of action. For they neither make nor attempt to make any showing, that as holders of the refunding bonds they have sustained or will sustain

[2] State, ex rel. Lawler v. City of West Palm Beach, 125 Fla. 623, 170 So. 697, 174 So. 737; State, ex rel. City and County Holding Company v. Board of Public Instruction, 120 Fla. 599, 163 So. 8; City of Winter Haven v. State, 114 Fla. 527, 154 So. 879.

[3] Re City of West Palm Beach, 5 Cir., 96 F.2d 85; Folks v. Marion County, 121 Fla. 17, 163 So. 298, 316, 102 A.L.R. 659, (4), Williston on Contracts, page 2604; Van Weel v. Winston, 115 U.S. 228, 6 S.Ct. 22, 29 L.Ed. 384; Clarke v. White, 12 Pet. 178, 9 L.Ed. 1046; Brown v. Farnhan, 55 Minn. 27, 56 N.W. 352; 15 C.J.S., Compositions with Creditors, page 685, § 11; Cf. City of Miami v. State, Fla., 190 So. 774.

952

any damage or injury. And it is elementary that the mere breach of an agreement which causes no loss to plaintiff will not sustain a suit by him for damages, much less rescission. (1) Black on Rescission, pages 8, 81 and 850.

The judgment was right. It is affirmed. Affirmed.