PASQUEL v. OWEN.

No. 684.

United States District Court, W. D. Missouri, S. D.

Nov. 18, 1949.

Victor B. Harris, St. Louis, Missouri, Mann, Mann, Walter & Powell, Springfield, Mo., attorneys for plaintiff.

Farrington & Curtis, Springfield, Mo., attorneys for defendant.

REEVES, Chief Judge.

Able and diligent counsel for the plaintiff vigorously urges his motion for a new trial, and in support of his several contentions has filed an elaborate brief. Defendant's counsel, in like manner, has been able and diligent and has filed an extensive brief in reply to the arguments and citations of authorities made and contained in plaintiff's brief.

The issue between the litigants was a very simple one. The plaintiff had instituted the suit wherein he asserted the breach of a contract admittedly entered into between the plaintiff and the defendant. The defendant, on his part, acknowledged the obligations of the contract but tendered a counterclaim and denied a breach of the contract as asserted by the plaintiff, and on his part asserted that the contract between the parties had been breached by the plaintiff.

Each one asked for heavy damages because of such alleged or claimed breaches. Upon the issues thus made up the matter was submitted to a jury under what the court conceived to be proper instructions, and a verdict was returned for the defendant, by which verdict the claim of the defendant was sustained, to the effect that the plaintiff breached the contract and compensatory damages were allowed the defendant.

It is the contention of plaintiff's counsel that the case was improperly submitted to the jury and that, even if properly submitted, there were numerous errors in the charge given to the jury by the court.

The plaintiff had alleged, and supported such allegations by his testimony, that the defendant had abandoned and breached the contract as "player-manager" in and of

a baseball team owned by the plaintiff in the Republic of Mexico.

The defendant, on his part, not only asserted in his pleadings, but supported such averments by his evidence, that he had entered upon the performance of his part of the contract as player-manager but was discharged, as he claimed, by the plaintiff without just cause or excuse.

Among other contentions made by the plaintiff was that, even if the defendant was discharged from a part of the contract, he waived such breach, if a breach, by continuing to play on the team.

The various contentions will be examined.

1. The contract between the parties was that for a stipulated consideration for a period of years the defendant would give his services to the plaintiff as "player-manager" of a baseball team owned by the plaintiff.

The evidence on the part of the defendant was that he was discharged during the progress of a ball game as manager, although the discharge did not operate against him as a player. Thus deposed as manager, he continued for a brief time to play, with unavailing efforts to see plaintiff to bring about his restoration as manager and that he might continue the performance of his contract. Since his efforts were futile he treated the contract as breached and left Mexico for his home in the United States.

■ The contract as player-manager was an indivisible one, and the rule is, "* * * if the promise is entire or indivisible, * * * its entire performance is as a rule a condition concurrent or precedent to the liability of the other party to perform." 17 C.J.S., Contracts, § 475, page 981.

■ It is the contention of the plaintiff that, since the salary was the same notwithstanding the fact that the defendant was removed as manager, there was not a breach of the contract. The defendant unquestionably entered the contract because of the honor and distinction accruing to him as manager of an important

baseball team in the Republic of Mexico. This was doubtless an inducement to enter into the contract. The plaintiff could not depose him from that important relationship without committing a breach of the contract.

2. Counsel for plaintiff urges here that there was a waiver by the defendant of plaintiff's breach by removing defendant as manager. This claim is made for the reason that defendant did not immediately abandon his part of the contract but continued both to play and to draw compensation for a brief period. On this question the defendant testified that he continued to play, with unavailing efforts to confer with the plaintiff. According to his evidence the plaintiff avoided conferences until, it appearing to be useless to make further efforts to confer with the plaintiff and thus to carry out his contract, defendant treated it as breached and returned to his home in the United States.

■ In the light of the testimony the plaintiff was not in a position to prove a waiver of his alleged breach when the continued presence of the defendant in Mexico was to enable him to carry out the agreement to perform the duties as player-manager. And, moreover, the plaintiff in his pleadings did not assert a waiver by the defendant of plaintiff's claimed breach.

Paragraph (h) of Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A., specifically provides that, "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or * * * in his answer or *reply* * * *." (Emphasis mine.)

■ Under the rules it was the duty of the plaintiff, in a replication to the charge of the defendant that the plaintiff had breached the contract, to assert then that the defendant had waived such a breach by his continuing presence and activities under the contract.

■ 3. Counsel complains about the charge of the court on the measure of damages, and cites in support of his contention the case of Block v. City of West Palm Beach, 5 Cir., 112 F.2d 949, 951. For an alleged breach of contract in that case the

court found that there were no damages, In holding that there were no damages allowable, the court said:

"For they neither make nor attempt to make any showing, that as holders of the refunding bonds they have sustained or will sustain any damage or injury." The court then said:

"And it is elementary that the mere breach of an agreement which causes no loss to plaintiff will not sustain a suit by him for damages, much less rescission."

Of course this is the law. However, in the case at bar, the defendant established that by reason of his contractual arrangements with the plaintiff he was suspended from the major baseball leagues in America and that he had been unable to effect restoration to his former position as an expert baseball player. It is suggested by counsel for plaintiff that, since the trial of the case, defendant has been restored in the major leagues. This might be a basis for a modification of the judgment upon proper motion, but would not be the basis for granting a new trial. The jury did not speculate or conjecture, but had definite and precise testimony on which to base its verdict.

■ 4. Counsel for plaintiff complains of the instruction to the jury in the matter of a bonus paid defendant and also concerning the introduction of a letter which was a communication between the parties. Under the contract the bonus was due and payable to defendant when he signed the contract, and the instruction to the jury was a proper one. The letter was competent and relevant.

■ 5. On the income tax instruction, the defendant contended that, under the contract the plaintiff had agreed to pay the defendant's income tax in the United States so that the salary in the Republic of Mexico would be net to him. Since this issue was raised by the pleadings and by the evidence, it was a proper charge to the jury. The jury allowed nothing to the defendant, and the fact that it was properly submitted does not form a basis for complaint. Moreover, it was not a confusing matter to the jury, as indicated by plaintiff's counsel.

6. A new trial involves a re-examination of the issues of fact and the evidence.

■ In this case no prejudicial error is called to the attention of the court and there is no reason for a re-examination of an issue or issues of fact which were properly submitted to the jury. The case was well argued on both sides and the issues were sharply and clearly drawn. The verdict of the jury was for the defendant on his counter-claim. No reason appears why the verdict should be disturbed, and, accordingly, the motion for a new trial will be overruled.