## AMY *v.* CITY OF GALENA.

(*Circuit Court, N. D. Illinois.* May 18, 1881.)

1. MUNICIPAL CORPORATIONS—JUDGMENTS—LIENS.

   The duty of a municipal corporation, to take the proper steps to raise means wherewith to pay judgments against it, is a continuing obligation, and is not subject to the statutory limitation of the lien of such judgments.

2. SAME—EXECUTION.

   No execution can issue against a municipal corporation.

3. SAME—INDEBTEDNESS—REPEAL OF STATUTE.

   The legislature has no power to repeal a statute for the payment of a municipal indebtedness, where such statute had been enacted and was in force when the indebtedness was incurred.

4. SAME—CITY TAXES—TOWN AND COUNTY COLLECTORS.

   Town and county collectors, so far as they are charged with the duty of collecting city taxes, must be deemed, *pro tanto*, city officers.

5. SAME—INDEBTEDNESS—WAIVER OF ANNUAL LEVY.

   Relator recovered judgments against the city of Galena amounting to more than $25,000. At the time these judgments were recovered the relator had a right to insist upon the annual levy of a tax of 1 per cent. to apply upon the principal, and of 1 per cent. to apply upon the interest, of this indebtedness. *Held*, upon application for a *mandamus*, more than 15 years after two of said judgments had been entered, that the city would not be required to levy and collect in one year sufficient taxes to pay the whole amount due, but that it would be required to levy a tax of 1 per cent. to apply in the extinguishment of the principal, and 1 per cent. to apply in the extinguishment of the interest on the indebtedness, each year till the whole amount is paid.

Petition for *Mandamus.*

*Grant & Grant,* for relator.

*D. & T. J. Sheehan,* for the city.

BLODGETT, D. J., (*orally.*) This is a petition for *mandamus,* in which the relator avers that on the sixteenth day of January, 1866, he recovered a judgment in this court against the city of Galena for $19,377.50 debt, and $768.82 damages, and $68.17 costs, making in all $20,214.40; that on the tenth day of July, 1866, he recovered another judgment against said city for $2,500 debt, and $150.20 damages, and $36.32 costs, making in all $2,686.52; and that on the

twenty-eighth day of December, 1878, he recovered in this court a further judgment for $1,000 debt, $1,096.08 damages, and $33.05 costs; total, $2,129.13. All of which judgments he avers were upon bonds issued by the defendant city, pursuant. to the powers in its act of incorporation, to enable it to make various public improvements, and for the interest which had accrued on said bonds; and that said judgments, together with the interest which has accrued thereon, at the rate of 6 per cent. per annum, since the rendition thereof, remain in full force and wholly unsatisfied.

That the affairs of said city are, by the laws of this state, under the management and control of the city council of said city, which consists of a mayor and board of aldermen; that by an act of the general assembly of this state, approved June 21, 1852, said city council is authorized to levy and collect a tax, not exceeding 1 per cent., upon the assessed value of all the taxable property of the city, in addition to a tax of ½ per cent. authorized by previous acts of the legislature of the state, which taxes shall constitute the general fund for city purposes; and that by the same act they were empowered to annually assess, levy, and collect a tax of not exceeding 1 per cent. on the dollar on the assessed value of all the real and personal estate taxable in said city, in addition to all other taxes levied and collected in said city, which was to be applied as follows, to-wit :

" The fund so collected shall be kept separate, and shall annually, on the first day of January, be appropriated and paid over, *pro rata*, on the funded indebtedness of said city, as it may be presented by the holders of the same, to be entered as credits upon and to that extent in extinguishment of the principal of said city indebtedness."

· Which provision of law was to remain in force until the whole of the city's indebtedness, and the interest to accrue thereon, was fully paid; that by an act of the general assembly of this state, approved January 30, 1857, the said city council was authorized to levy and collect annually taxes not exceeding 1 per cent. on the dollar on the assessed value of the taxable property within said city, to defray the general and contingent expenses, and to constitute a general fund of the city; and by the same act the city council was authorized to levy and collect taxes not exceeding 1 per cent. on the dollar per annum on all property subject to taxation, to meet the interest on the debt of the city; and by an act of the legislature of this state, approved February 16, 1865, the city council was authorized to levy and collect a tax of 1 per cent. on the dollar per annum on all property subject to taxation, which tax, when collected, shall be set apart for the sole and exclusive purpose of paying the interest upon the puplic debt of the city while the same is in existence.

The relator claims that by virtue of the laws thus referred to it became and is the duty of the city council of the city to

annually levy and collect taxes for the payment of the said judgments, and the interest which has accrued thereon, but states that said city council has for many years past wholly neglected and disregarded its duty in this behalf, although relator has often requested said city council to so levy and collect such tax. It is further stated that the value of the property in said city subject to taxation for the year 1879 was $589,429.

By its answer or return the respondent admits the recovery of the judgments set out in the petition, or, at least, does not deny that they were recovered as alleged, but insists that, inasmuch as no executions have been issued thereon, and no writs of *mandamus* asked for to compel the levy and collection of taxes for the payment of these judgments, that the power to enforce such judgment, by compelling the levy and collection of taxes, has ceased; that, under the revenue laws of this state now in force, respondents have no authority to collect any taxes, but the taxes are to be levied by the respondents, and collected by the township and county collectors; that, by the act of February 16, 1865, the aggregate tax to be levied by the respondents in any year, on persons and property in said city, cannot exceed $2\frac{1}{2}$ per cent. on the assessed value for all municipal purposes, and states that the rate of taxation for the years 1879 and 1880, to pay the necessary municipal expenses, and to pay a portion of the bonded debt and interest thereon, was upwards of $3\frac{1}{2}$ per cent. upon the assessed value of the property of the city.

It is further stated in the return that the sum of $300 was levied and collected, and paid to apply on the first-mentioned judgment on the sixteenth day of January, 1870, and that the city has, since the year 1870, refunded a portion of its indebtedness of the same class as that for which relator's judgments were rendered, and has levied and collected a tax of 2 per cent. on the dollar on its taxable property, 1 per cent. of which has been applied on the principal, and 1 per cent. on the interest of its said refunded indebtedness; that some of the statutory enactments cited by the relator have since been

repealed, and the power of taxation limited by subsequent legislation.

To this return the relator has filed a general demurrer, and the only question is as to whether this return presents any reason why a peremptory *mandamus* shall not issue in the case.

It is urged by respondent's attorney that, by analogy to the statute limiting the lien of judgments on real estate to seven years, the right to enforce payment of a judgment from a municipal corporation, by compelling the levy and collection of a tax, cannot be enforced after the lapse of seven years; but I cannot concur in this position. The duty of a municipal corporation, to take the proper steps to raise means wherewith to pay judgments against them, is a continuing obligation which is not affected by the lien of the judgment on real estate, and is not in the least affected by the statute giving and limiting such lien; and, even if the lien of a judgment on real estate, from the time of its rendition, has lapsed, the right to issue an execution and levy on any property subject to execution remains. See *Stribling* v. *Prettyman*, 57 Ill. 371.

This view of the law is also further supported by the principle that no execution can issue against a municipal corporation, as was fully decided in the case of *Chicago* v. *Halsey*, 25 Ill. 595, and affirmed in *Odell* v. *Schroeder*, 58 Ill. 353, and 84 Ill. 294.

Showing, as these cases do, that no execution could issue against this municipal corporation, in the first instance, to enforce the collection of this indebtedness, the only remedy was to compel the levy and collection of the tax, or an order on the treasurer, if the money was already collected and in the treasury.

As to the alleged repeal or modification of the acts of the legislature of the state in regard to the levying of taxes by municipal corporations, it appears from the records of the court that the bonds on which the judgments were rendered were issued in 1855, and while the act of 1852 was in full

force. The act of January 30, 1857, was merely a consolidation of the charter of 1852 and the amendments thereto in one act, and to enlarge the powers of the city authorities; but it does not purport to repeal any portion of the act of 1852 in regard to the levy of this tax, not to exceed 1 per cent. per annum, to be applied on the first of January in each year in extinguishment of the principal of the city indebtedness.

By the third section of the article on taxation it provides a tax of 1 per cent. for the payment of interest on the city debt. So that it conferred an additional power upon the city authorities beyond that delegated by the act of 1852. The act of 1865, which is referred to by relator in his petition, seems but a re-enactment of the act of 1857, so far as the tax of 1 per cent. for the payment of interest is concerned, and gives no additional or further powers to the city corporation in reference to the levying of the taxes.

In *Galena* v. *Amy*, reported in 5 Wall. 705, it is held by the supreme court of the United States (and that was a controversy between this same relator and the same city) that the legislature has no power to repeal, and it was not competent for the defendant to plead the repeal of a law which had been enacted and was in force, for the payment of the city indebtedness at the time the indebtedness was incurred. This applies with full force to the provisions of the law of 1852, which was in force at the time of the issue of these bonds, and which remained in force, so far as the obligation of the city to this relator is concerned, up to this time. So that I can see no escape on the part of the city from the conclusion that the law of 1852, which provided for the levy of a tax of 1 per cent. for the extinguishment of the principal of the city indebtedness, is still in force; and the law of 1857, which provided for the levy of a tax of 1 per cent. to be applied on the payment of interest of the city indebtedness, is also in force.

The change of the mode of collecting the taxes of cities, so that they are now collected by the township and county collectors, cannot affect the relator's rights. The town and

county collectors, so far as they are charged with the duty of collecting city taxes, must be deemed, *pro tanto*, city officers. It therefore seems to me that the demurrer in this case must be sustained, and an order must issue for the levy and collection of the tax.

The relator claims that he should have now, by order of the court, a *mandamus* requiring the city to levy and collect, at once, taxes enough to pay the entire amount due upon these judgments, because, as he argued, the city was derelict, and has been since since 1866, in not levying an annual tax, and it was therefore in the power of the court to compel them to do now in one year what they ought to have done from year to year. There is a show of plausibility in the position which the relator takes in this regard, that the city could not complain if the court should compel the levy and collection of sufficient taxes in one year to extinguish the whole indebtedness; but it is obvious, from the mere statement of the amounts of these judgments, and the fact that two of them have been accumulating interest about 15 years, that the burden of paying this entire indebtedness by one year's levy would be almost insupportable by any municipality of the size and means of the city of Galena; and I think that inasmuch as the law, as it stood at the time these judgments were rendered, gave the relator the right to insist upon the annual levy of a tax to apply upon his principal, and 1 per cent. to apply upon his interest, that he, by not enforcing that right at the time, has waived it, and now he can only insist upon what might have been done each year.

An order will therefore be made requiring the city to levy a tax of 1 per cent. to apply in the extinguishment of the principal, and 1 per cent. to apply in extinguishment of the interest, on the indebtedness.