WILLIAM GRIMES, PLAINTIFF IN ERROR, V. LOUIS GROSJEAN, DEFENDANT IN ERROR.

County Court: AMENDING DOCKET ENTRIES. In a term case a county court may, upon the motion of a party to an action, upon due notice to the adverse party, amend a docket entry to conform to the facts, the practice in that regard being assimilated to that of the district court.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*D. F. Osgood* and *L. C. Chapman*, for plaintiff in error.

*Clarence K. Chamberlain* and *A. M. Appelget*, for defendant in error.

MAXWELL, J.

This is an action of replevin brought in the county court of Johnson county, the value of the property in dispute being about $500. The case was tried on the 7th day of February, 1887, and taken under advisement by the court. It is claimed on behalf of the plaintiff in error, and is clearly established by the evidence, that the

case was held under advisement until the 9th or 10th day of February, 1887, when judgment was rendered. The judge, however, failed to note on his docket the date of the entry of the judgment, so that it appeared on the docket as if entered on February 7th. Within ten days from February 10, 1887, the plaintiff filed his appeal undertaking, but on motion the appeal was dismissed, upon the ground that the undertaking was not filed within the time required by law. The plaintiff thereupon filed a motion in the county court, supported by numerous affidavits, showing the actual date when judgment was rendered, and asked that court to correct its judgment by inserting the actual date when it was rendered. This motion the court overruled, upon the ground of want of authority. The case was then taken on error to the district court, where the judgment was affirmed.

We have no doubt that a county court in a term case, and upon due notice to the adverse party, may correct a docket entry after the term in the mode pointed out by the statute. The practice in that regard is assimilated as far as possible to that of the district court. The judge, therefore, had authority to insert a date to conform to the facts, showing when the judgment was rendered. The judgment of the district court, and also of the county court, is reversed, and the county court directed to insert the proper date at which the judgment was rendered; and in case the undertaking for an appeal was filed within ten days thereafter, the appeal will be redocketed in the district court and proceed to trial therein. The question as to the time for filing an answer in the county court is not presented to this court in such a manner as to show that the plaintiff was injured by the refusal.

REVERSED AND REMANDED.

THE other judges concur.