STATE OF FLORIDA ex rel. EAST SIDE BANK, a corporation, NORTH AMERICAN UNION LIFE ASSURANCE SOCIETY, a corporation, and RICHARD R. SMITH, *Plaintiffs in Error*, vs. H. T. HOLLOWAY, as Mayor; FRANK NUTTING, as Vice-Mayor; J. P. BOWEN, as Town Clerk, as and constituting the Commission of the Town of Boynton, Florida; J. P. BOWEN, as Tax Assessor of the Town of Boynton, Florida; and GEORGE A. LONG, as Treasurer and Tax Collector of the Town of Boynton, Florida, *Defendants in Error*.

142 So. 221.

Division A.
Opinion filed June 2, 1932.

*Metcalf, Hiatt & Finch,* for Plaintiffs in Error;

No appearance for Defendants in Error.

BUFORD, C.J.—Plaintiffs in error filed petition for writ of mandamus to issue against the defendants in error to compel the defendants in error to levy taxes sufficient to produce a fund to pay the past due interest and principal on a certain bond issue and to pay interest and principal which would accrue and become due during the years 1931 and 1932, the aggregate of which it was alleged was in the sum of $170,880.00.

Alternative writ issued and demurrer was filed thereto, as well as motion to quash.

The demurrer challenged the legal sufficiency of the allegations of the writ.

The Court, taking judicial cognizance of an Act of the Legislature of 1931, being:

"AN ACT TO PROVIDE FOR THE CREATION OF A MUNICIPAL CORPORATION TO BE KNOWN AS THE TOWN OF BOYNTON BEACH, IN PALM BEACH COUNTY, FLORIDA, TO FIX AND DETERMINE THE TERRITORIAL LIMITS THEREOF, THE JURISDICTION AND POWERS OF SAID TOWN AND ITS OFFICERS: TO PROVIDE FOR THE ORGANIZATION AND GOVERNMENT

THEREOF: TO DETERMINE AND FIX THE RE-
SPECTIVE RIGHTS AND LIABILITIES OF THE
EXISTING TOWN OF BOYNTON AND THE TOWN
OF BOYNTON BEACH, AS CREATED BY THIS
ACT, IN RESPECT TO THE EXISTING INDEBT-
EDNESS OF THE PRESENT TOWN OF BOYNTON
AND PUBLIC PROPERTY OWNED BY THE EX-
ISTING TOWN OF BOYNTON: AND AUTHORIZ-
ING THE ISSUANCE OF BONDS OF THE TOWN
OF BOYNTON BEACH 'TO REFUND ITS PRO-
PORTION OF THE BONDED INDEBTEDNESS OF
THE EXISTING TOWN OF BOYNTON ASSUMED
BY IT UNDER THIS ACT:''
and in which Act it was provided that,

"The Town of Boynton Beach shall assume and dis-
charge 50% of all lawful indebtedness of the Town
of Boynton whether evidenced by bonds or otherwise,
for which the Town of Boynton was obligated on the
1st day of April A. D. 1930; provided, however, said
total indebtedness shall be credited with the amount
heretofore or hereafter collected by the Town of
Boynton from the State or State Road Department,
and existing Town of Boynton shall be liable for, and
discharge, the remainder of said indebtedness;''
sustained the demurrer and allowed the petitioners to
amend the alternative writ.

The demurrer to the alternative writ was properly sus-
tained because the allegations of the writ entirely failed
to show that the obligation of the contract, to-wit: the
bonds issued by the Town of Boynton had been abrogated
by the provisions of the Act of the Legislature of 1931
above referred to, there being no allegation in the alter-
native writ that the method provided by the Legislature
in that Act for the payment of the outstanding obliga-
tions was not adequate and enforceable.

If the provisions made by the Legislature for the pay-
ment of the obligations of the Town of Boynton when it
eliminated a part of the territory of that municipality and
created it into a new and different municipality meet the

requirements of Section 8 of Article VIII of the State Constitution in providing for the protection of the creditors of the Town of Boynton, the obligations of the contracts in the hands of creditors were not abrogated and so it is that the demurrer to the alternative writ was properly sustained.

The amended alternative writ was so framed as to base the petitioners' rights upon the provisions of the Act of the Legislature of Florida at the session of 1931 above referred to and required the respondents to show cause why they should not levy a sufficient tax to produce a fund necessary to pay 50% of the interest and principal past due and to become due as hereinabove referred to.

Demurrer was filed to the amended alternative writ and was properly overruled. The respondents then filed an answer, which answer contained the pertinent allegations as follows:

" 'Section 5. That the Town of Boynton may regulate by ordinance and equitably adjust the payment of delinquent taxes and special assessment liens held by the said Town and provide for the payment thereof.' "

"That the approximate amount of taxes heretofore levied for the retirement of bonds and interest due thereon, which is a charge against the lands within the said Town of Boynton is in excess of $275,000.00; that said special assessment liens which are due and owing said Town of Boynton amount to approximately $375,000.00, and such liens by ordinance are so collected for the payment of principal and interest for such outstanding improvement bonds.

These respondents further answering said paragraph would say that by the fixing of the levy and millage for the year 1931 based on anticipated tax collections under a plan for adjustments, would thereby raise sufficient money to meet the requirements for this year, and that such adjustments under provision of said Legislative enactment is a part of the general

scheme for raising sufficient money to meet bond debt requirements, and for that purpose these Respondents being Commissioners of the said Town of Boynton, deem it equitable as well as practicable to levy only 16 mills, believing that such a levy will restore confidence and assist in tax adjustments, thereby raising sufficient money to meet these requirements, and for this reason these respondents protest the levying of an additional millage for the year 1931.

These Respondents further answering said paragraph would show unto the Court that the annual levy pursuant to charter provisions of said Town of Boynton has been perfected, such levy prior to the commencement of this suit having been formally approved by the Commission in regular session and that the whole machinery for the collection of such taxes has been completed, the lien for such taxes fixed and much additional expense and delay would be incurred in the collection of any taxes for the year 1931 should there be any change in the millage requirements.''

A motion for peremptory writ of mandamus, the answer notwithstanding, was filed and then, leave of court being had, an amended motion for peremptory writ, the answer notwithstanding, was filed. The matter then came on to be heard upon the amended motion for peremptory writ, the answer notwithstanding. Upon consideration of this motion, it was denied by the Court, and, the petitioner indicating that it would not further amend, final judgment was entered in favor of the respondents.

While it appears from the record that the petitioners were entitled to the relief sought by the amended alternative writ, had the application been timely made, under authority of the opinion and judgment of this Court in the cases of State ex rel. Johnson, Attorney General, vs. Goodgame, et al., 91 Fla. 871, 108 Sou. 835, and Rountree et al. vs. State ex rel. Ga. Bond & Mortgage Co., 102 Fla. 246, 135 Sou. 888, and in State ex rel. Gillespie et al. vs. Baskin, 102 Fla. 329, 136 Sou. 262, and Klemm

v. Davenport, Mayor, et al., 100 Fla. 627, 129 Sou. 904, yet we cannot say that there was an abuse of judicial discretion in denying the peremptory writ in view of the allegations of the last paragraph of the answer hereinabove quoted. Nothing stated in this opinion is intended to be construed as conflicting with the opinion and judgment in the case of State vs. Thursby, filed at this term of court and reported in 140 Sou. 775. Therefore, the judgment must be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.