STATE ex rel. HERBERT L. ALDRICH, *Plaintiff in Error,* v. J. C. MITCHELL, et al., *Defendants in Error.*

146 So. 207.

. En Banc.

Opinion filed February 8, 1933.

Petition for re-hearing denied March 2, 1933.

234

*Loftin, Stokes & Calkins,* for Plaintiff in Error.

*Metcalf & Finch,* for Defendant in Error.

PER CURIAM.—Plaintiff in error, as relator in the Circuit Court, filed a petition, and procured the issuance of an alternative writ of mandamus, for a tax levy to raise money with which to pay past due interest coupons on bonds of the Town of Boca Raton, alleged to be owned by relator. The Circuit Judge sustained an answer filed by the respondent city officials, in which they contended that, by reason of their already having passed a tax levy ordinance, turned over the tax books to the assessor, notified taxpayers of the amounts of taxes due, and had collected some of the taxes, respondents should not be required to comply with the commands of the amended alternative writ, because to do so, would result in confusion and disorder in the management of the town's fiscal affairs and the collection of its taxes already levied. The case is here on writ or error to the final judgment dismissing the mandamus proceeding on the grounds set up in the answer.

Defendants in error rely upon the decision in State *ex rel* East Side Bank v. Holloway, 105 Fla. 616, 142 Sou. Rep. 221, to support the ruling of the Circuit Judge, while plaintiffs in error cite the decision in State *ex rel.* Gillespie v. Thursby 104 Fla. 103, 140 Sou. Rep. 775 to support their position to the contrary.

In the latter cited case (State *ex rel.* Gillespie v. Thursby, *supra*) this Court said: "The rule is well settled that officers required to perform a duty for the benefit of holders

of public securities cannot by their own neglects and defaults defeat the granting of relief when seasonably applied for . . . " In the subsequently decided case of State *ex rel.* East Side Bank v. Holloway, *supra,* this Court also said: "Nothing stated in this opinion is intended to be construed as conflicting with the opinion and judgment in the case of the State v. Thursby filed at this term of court and reported in (Fla.) 140 So. 775."

The amended alternative writ in the case now before the Court clearly and definitely alleged that long prior to the institution of the mandamus proceeding that the relators had often demanded payment of their interest coupons, which were in default, and that although the respondent town had no money or funds with which to pay the same, and although the relator had requested the respondents to provide sufficient funds to pay said obligations, that respondents had wholly failed and refused to assess, levy or collect a direct annual tax, or any other tax, for the purpose of providing payment for relator's interest coupons as required by the terms of the statutes under which they were issued, negotiated and sold.

Nothing in the answer to the writ undertook to negative any of the allegations made in the alternative writ tending to show a plain neglect and default on the part of respondents in their duty to carry out the provisions of the statutes upon which relators were legally entitled to rely to have their interest coupons paid. The sole defense is, in substance, that admitting such neglects and defaults to have occurred as alleged, nevertheless, respondents, though guilty of such neglects and defaults, should not be required to carry out the commands of the amended alternative writ, because to do so would unduly burden and inconvenience respondents and the management of the town's affairs, and would cause confusion and disorder by requiring an-

other tax to be added to tax rolls already prepared and in the hands of the authorities charged with tax collecting.

To sustain such defense is to concede as correct the legal proposition argued by defendants in error which is in effect that because a town council has ignored plain provisions of law requiring it to perform mandatory duties imposed upon it, in order to provide for payment of muncipal debts, and has done so after a timely notice and request by a security holder to make provision for the payment of past due interest coupons being attempted to be collected, that the fact that the town council has already passed an appropriation ordinance, made a tax levy, closed the tax books, turned them over to the assessor and begun the collection of taxes, gives the Circuit Court discretion to refuse a peremptory writ of mandamus pursuant to an alternative writ of mandamus, although the alternative writ was applied for and issued as soon as could reasonably have been done under the circumstances.

While mandamus is a discretionary writ, and the exercise of the lower court's discretion in refusing a peremptory writ will not ordinarily be interfered with, in cases where it appears that a *sound* legal discretion has been exercised by the Court below under applicable rules of law, in denying relief in a particular case, the plain defaults and neglects of respondents in refusing to follow out mandatory provisions of law, when timely request has been made upon them to do so, cannot be upheld as a proper basis for their invoking a supposed discretion of the court which, if allowed to be invoked, would amount to a violation of the rule laid down in State *ex rel.,* Gillespie v. Thursby, *supra,* which is to the effect that public officers cannot take advantage of, and plead, their own neglects and defaults, in order to defeat relief by way of mandamus, when such relief is seasonably applied for as a means of enforcing collection

of the interest coupons due and unpaid on outstanding bonds.

In the case of State *ex rel.* East Side Bank v. Holloway, *supra,* relied upon by defendants in error to support their claim of proper exercise of discretion on the part of the court below in refusing the peremptory writ in this case, it was specifically pointed out in the opinion that "the amended alternative writ was so framed as to base the petitioner's rights upon the provisions of the Act of the Legislature of Florida at the session of 1931 * * *." The 1931 act was not embraced in the obligation of the bonds held by relator in that case but was a subsequently passed statute. There was no showing in that case that the respondents were knowingly failing to carry out mandatory duties imposed upon them by law, because the duty sought to be required in that case was based upon a statute which was in question, and whose validity had not been judicially established at the time, as being an adequate substitute for the means originally provided for paying the bonds sued on in that case.

The case here is controlled by what was said in State *ex rel.* Gillespie v. Thursby, 140 Sou. Rep. 775, which, as has been before pointed out, is in no wise in conflict with what was said in State *ex rel.* East Side Bank v. Holloway, 142 Sou. Rep. 221.

The discretion of a court to refuse a peremptory work of mandamus in a proceeding brought to enforce mandatory duties required to be performed to insure payment of public securities according to a plan provided for by statute, and entering into the obligation of the contract implied in the securities, cannot be invoked nor allowed on the basis of a plain neglect and default on the part of respondents, in unduly creating the state of disorder and confusion which

is pleaded by the defaulting officials as a bar to the granting of the relief prayed for.

Judgment reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.