STATE, *ex rel.*, JOHN S. HARRIS, *et al.*, v. CITY OF FORT PIERCE, *et al.*

149 So. 338.

150 So. 283.

En Banc.

Orders Entered June 22 and August 2, 1933.

*Giles J. Patterson,* for Relators;

*Kay, Adams, Ragland & Kurz* and *Nottingham & Davison,* for Respondents.

PER CURIAM.—This is a mandamus proceeding brought by the relators alleging themselves to be the owners and holders of certain bonds of the City of Fort Pierce. Petition was filed and the alternative writ of mandamus was issued against the city and its various officials to compel the city to make provision for the payment of certain interest coupons which will mature on bonds held by the relators during the current fiscal year.

The writ alleges that the relators are the owners and holders of certain bonds of the City of Fort Pierce and describes them by the date of issue, the character of the bonds and the dates of maturities of the same and the number of each of the bonds. It alleges that the last payment of interest made on the bonds was in July, 1931, and that some of the bonds are in default since November, 1929. The provisions of the City Charter requiring the City Commission to levy taxes to pay interest on the debt and providing a sinking fund are quoted. The writ shows that the total bonded debt of the city amounts to $3,257,000.00; that it is in default $258,225.00 in coupons and $300,000.00 in principal and there are current accruals which amount to and additional $300,000.00 to be raised by the city to pay all of its past due and current obligations.

The writ alleges that the relators attempted to negotiate with the city to agree upon a reasonable levy for the current year; that the officials stated that they intended to levy 25 mills for current interest only; that request was made that the city allocate to the relators $33,420.00 for the payment of the interest that will accrue upon their bonds during the current year out of any levy that might be made. No action having been taken, a formal demand was made for a special tax to provide this sum of money. On the night of October 31st, which was the night before the tax books were required to be opened on November 1st, an ordinance was adopted by the city, making its levy of taxes for the current fiscal year, a 25-mill tax was appropriated to the payment of interest and all principal of all bonds and coupons matured during the fiscal year and for the purpose of providing a sinking fund for the payment of the bonds already accrued. This levy, the writ alleges, would produce only $105,000.00, if collected in full, while the total amount needed woul be in excess of $850,000.00.

The commands of the alternative writ of mandamus are threefold: First, that the City Commission of Fort Pierce revise its budget so as to include therein a specific appropriation of the $33,420.00 for the payment of interest which will accrue during the current fiscal year on the bonds of the relators; second, that they revise their tax levy ordinance so as to include a special tax which will produce a sum of money sufficient to pay the appropriation just mentioned; third, that the tax assessor revise the tax roll and the extension of taxes in accordance with any amendment to the budget and tax-levying ordinance.

The return of the city admits all of the allegations of the writ, but undertakes to avoid the effect of the same by certain elaborate allegations of facts with which we are

now required to deal in considering a motion by relators to strike paragraphs 9 and 10 of the answer, as well as a demurrer to the answer as a whole.

This Court has several times drawn the distinction between writs of mandamus which demand the levy of a tax to pay past due installments of principal or interest on obligations which have been in default for a period of months or years, and writs of mandamus timely brought to compel the levy of taxes to meet current interest requirements on obligations yet to mature. It must be presumed that a city council required by law to make provisions in a current budget for the payment of the city's current installments of principal or interest on its debts will, without any special request therefor, make such provision as the law contemplates and mandatorily requires shall be made. Accordingly, since the law presumes that public officials will do their duty, security holders of a city who must look to the city officials to make provision for the payment of current interest accruals on the city's debts, are entitled to the benefit of being permitted to indulge in the same presumption.

The pleadings show that the City of Fort Pierce has already levied taxes sufficient to raise the sum of $105,000.00 for debt service generally. If a peremptory writ of mandamus following the terms of the alternative writ as framed, should be awarded in the present case, the city would have the option of complying with the terms of this writ by either amending its heretofore adopted budget appropriation and tax-levying ordinance so as to appropriate $33,420.00 of the $105,000.00 provided to be raised so as to insure the payment of relators' coupons, or to make an additional appropriation of $33,420, coupled with an additional tax levy of 8 or more mills to comply with the peremptory writ. So long as relator gets only what is prayed

and so long as the prayer is not beyond the law, respondents have no right to resist what is demanded.

Under the circumstances, the claim made in respondents' answer that to award a peremtory writ of mandamus would create chaos and disorder by compelling the entire revision of the tax roll out of time is not justified. This is so because the city has the option of itself deciding whether it will revise the whole roll or will simply appropriate a portion of the 25 mills already levied, without adding an additional 8 mills or more to the 25 mills heretofore provided for.

It clearly appears that relators are entitled under the contract and under the statute to the benefit of a writ of mandamus against the City of Fort Pierce to require the city to make provision in its current budget for the payment of the sum of $33,420.00 required to discharge the current interest coupons held by relators. The payment of interest must be anticipated under the law controlling the affairs of the city and that law requires the city to make provision in its budget for payment of its interest in advance of default. This duty exists and must be carried out regardless of any request or demand on the part of the security holder to do so.

Under the city charter of Fort Pierce, acts required by the city to be performed to provide for paying the interest on its bonded debts is a public official duty specially prescribed by law. No demand for its performance is necessary to be made by creditors because the city's own officers know it is their duty to perform certain acts and when. Therefore when it is affirmatively shown that they failed to act, at the time and in the manner provided by law, a writ of mandamus on behalf of a security holder for whose benefit the public duty is required to be performed, may be

sought and granted to any plaintiff who demonstrates in his writ that he holds some of the securities affected by the failure of the city officials to act. That relator asks for less relief, than he might be entitled to have is of no concern to respondents. State, *ex rel.*, Gillespie v. Baskin, 102 Fla. 329, 136 Sou. Rep. 262; Humphreys v. State, 108 Fla. 92, 145, Sou. Rep. 858; Columbia County v. King, 13 Fla. 451; State, *ex rel.*, Aldrich v. Mitchell, 108 Fla. 233, 146 Sou. Rep. 207; State, *ex rel.*, Harris v. Gautier, 108 Fla. 390, 147 Sou. Rep. 240. See also Jones v. Central Hanover Bank and Trust Co., 110 Fla. 69, 147 Sou. Rep. 895, 3rd, 4th, and 5th head-notes.

The demurrer to the answer as a whole is sustained, with leave to answer further within ten days.

DAVIS, C. J., and TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.

BROWN, J. (dissenting).—Section 2 of the amended answer denies that the Relators are the owners of the bonds, and alleges that they are mere agents of the owners. This allegation is *admitted* by the demurrer and motion for peremptory writ. So, it is not shown that Relators have the right to sue.

ELLIS, J., concurs.

### FINAL JUDGMENT IN MANDAMUS.

PER CURIAM.—It appearing to this Court by the amended answer of the respondents herein, that the acts heretofore commanded by the alternative writ of mandamus to be performed by respondents have been performed by them in substantial compliance with the alternative writ of mandamus, and that nothing further remains to be done in the present proceeding for the complete termination therof according to law, it is thereupon

Considered, ordered and adjudged by the Court that the alternative writ of mandamus herein be, and the same is now hereby made perpetual and final, and that the return of the respondents showing compliance with said alternative writ of mandamus be, and the same is hereby accepted, approved and filed as being in conformity thereto, and that relators do have and recover of and from the respondents, as officers of the City of Fort Pierce, Florida, the costs of this proceeding to be taxed by the clerk.

DAVIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.