State, *ex rel.* A. M. Klemm, v. H. J. Baskin, Mayor-Commissioner, *et al.*

150 So. 517
Division A.
Opinion Filed August 3, 1933.
Rehearing Denied Sept. 16, 1933.

*Touchton & Crittenden* and *W. H. Poe* for Plaintiff in Error;

*Jones & White* for Defendants in Error.

PER CURIAM.—Writ of error was sued out in this case to review a judgment of the Circuit Court of Pinellas County refusing to award a peremptory writ of mandamus in a case brought by a bond holder of the City of Clearwater to enforce certain statutory duties of the City to make provision for the payment of certain bonds of the City of Clearwater alleged to be held by relator.

The judgment appealed from should be reversed on the authority of the following cases decided by this Court since the judgment in the lower court was rendered on March 14, 1932. City of Palmetto v. Klemm, 108 Fla. 455, 146 Sou. Rep. 588; State v. Mitchell, 108 Fla. 233, 146 Sou. Rep. 207; Humphreys v. State, 108 Fla. 92, 145 Sou. Rep. 858. In the case of State v. Mitchell, *supra,* this Court distinguished the previous decisions in State *ex rel.* East Side Bank v. Holloway, 105 Fla. 616, 142 Sou. Rep. 221, and State *ex rel.* Gillespie v. Thursby, 104 Fla. 103, 140 Sou. Rep. 775, and pointed out why such holdings were not applicable to a case like that now before us, which is no different in principle from the status of things presented in State *ex rel.* Aldrich v. Mitchell, *supra,* wherein we held the issuance of a peremptory writ was improperly denied.

Whatever discretion, as a general rule, may be vested in the courts to withhold peremptory writs of mandamus as a matter of discretion in certain cases, such discretion can never be exercised by any court of this State to the extent

of impairing the obligations of valid contracts, in violation of the State and Federal Constitutions, both of which guarantee a remedy in the courts, to all who have lawful contractual obligations to enforce against those who have breached a statutory duty, the performance of which was promised in the terms of an express agreement, the rights growing out of which are enforceable as a matter of legal right, by mandamus, as is the case with public securities. City of Galena v. United States, 72 U. S. 705, 18 L. Ed. 560.

The command of the alternative writ is for a levy of taxes for the fiscal year, 1931-1932, so as to include in the budget for that year a sum sufficient to pay the bonds and coupons owned by relatrix. The time for compliance with the alternative writ exactly as drafted is long since past because the budget of the city for the fiscal year, 1931-1932, has long since been completed, as the record shows .

But the rule in cases like this is that where a legal right has been once duly and timely asserted, and such right has been thereafter judicially upheld upon an appeal from a judgment of the court below which has interrupted the enforcement of that right in the original proceedings instituted for the purpose of having it coerced by legal means, the judgment on appeal may subsequently be carried into effect on a remand of the case, but such an appropriate modification of the decree or judgment in the lower court as may be necessary to give effect to the appellate court's judgment in the light of the changed conditions that have been caused by the lapse of time intervening the original institution of the suit and the ultimate judgment of the appellate court. The appellate jurisdiction of the Supreme Court in a mandamus case is not ousted by the mere expiration of the time set for doing the original thing commanded, where means still exist for the carrying into effect what is neces-

sary to be done by respondent for relator's benefit, in order that relator may have the fruits of his successful appeal. Southern Pacific Co. v. Interstate Commerce Commission, 219 U. S. 433, 31 Sup. Ct. Rep. 288, 55 L. Ed. 283; Leonard v. Earle, 279 U. S. 392, 49 Sup. Ct. Rep. 372, 73 L. Ed. 754; United States v. Trans-Missouri Freight Ass'n, 166 U. S. 290, 17 Sup. Ct. Rep. 540, 41 L. Ed. 1007; McGrain v. Daugherty, 273 U. S. 135, 47 Sup. Ct. Rep. 319, 71 L. Ed. 590. The power of the courts to revise their judgments and decrees for the protection of adjudicated rights in relation to changed conditions that affect those rights with respect to their judicial enforcement, is inherent, and is the same whether the decree or judgment was entered by consent or after litigation. See United States v. Swift & Co., 286 U. S. 106, 52 Sup. Ct. 460, 76 L. Ed. 999.

In the present case the relief sought may be accomplished by the amendment of the alternative writ and the issuance of a peremptory writ thereon, so as to require the respondent to raise the funds in controversy in a current budget. that we have held should have been included in the 1931-1932 budget, since the duty involved is a continuing one and the right to its enforcement has not been lost because of the time consumed in the appellate proceedings.

Reversed for appropriate proceedings.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

ELLIS, J., not participating.

BROWN, J. (dissenting).—I am not satisfied that the court below abused its discretion. See State ex rel. East Side Bank v. Holloway, 142 So. 221; State ex rel. Gillespie v. Thursby, 140 So. 775; U. S. ex rel. Greathouse v. Dern, 77 Law Ed., Adv. Sheets, 790; Duncan Townsite Co. v. Lane,

245 U. S. 308, 62 Law Ed. 309; City of Cleveland v. U. S., 166 Fed. 683; Amy v. City of Yalona, 7 Fed. 168; State v. School Dist., 24 Neb. 701; Phelps v. Lodge, 60 Kan. 125.