Fred P. Cone, *et al.,* as Board of Administration of State of Florida, *et al.,* v. State, *ex rel.* George H. Crane, Jr.

187 So. 593.
Opinion Filed March 24, 1939.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. Compton French,* Assistant Attorneys General, for Plaintiffs in Error;

*Hope Strong, William K. Whitfield* and *Talbot Whitfield, Jr.,* for Defendant in Error.

Buford, J.—In this case the writ of error brings for review judgment of the Circuit Court of Leon county awarding peremptory writ of mandamus, the command of which is as follows:

"These are, Therefore, to Command You, Fred P. Cone, J. M. Lee and W. V. Knott, in the capacities in which you are herein enjoined, to forthwith provide for the payment to Relator, out of the interest and sinking fund monies held for the credit of Atlantic-Gulf Special Road and Bridge District of Indian River and Osceola Counties, Florida, and

described in said alternative writ of mandamus, the sum of $2,000.00, on the past due bonds declared on, to-wit:

"Bonds Nos. 250 and 252 of Atlantic-Gulf Special Road and Bridge District of Indian River and Osceola Counties, Florida, of the issue of September 1, 1925, and which are now past due and unpaid in the amount of $1,000.00 each

And upon the presentation and surrender of said bonds for cancellation, to cause such payment to be made by issuing, delivering and honoring any and all checks or state warrants necessary to accomplish same; and that you make a return to the Court on or before the 28th day of June, 1937, howing your compliance with the commands hereof."

The record shows that the district was created under the provisions of Chapter 11127, Acts of 1925. At the time of the passage of the Act the territory was in St. Lucie and Osceola Counties. By Chapter 10148, Acts of 1925, Indian River county was created and the territory embraced in that county embraced a part of the territory of the Special Road and Bridge District which was formerly within the territory of St. Lucie County.

A Board of Bond Trustees was created under the provisions of Chapter 11127, *supra.* This Board was authorized to call elections within the district to determine whether or not bonds should be issued. Such election was called and bonds were authorized.

The legislative Act, *supra,* further provided that the taxes required to be levied should be authorized by Resolution of the Board duly entered upon its Minutes and certified copies of such Resolution executed in the name of the Board should be made and delivered to the Board of County Commissioners of the respective counties not later than the 1st day of August in each and every year. And it required the Board of County Commissioners of the respective counties to order and require the County Tax Assessor of each county

to assess and the County Tax Collector thereof to collect the amount of taxes so assessed or levied by the Board of Bond Trustees upon the taxable property in the respective counties at the rate of taxation, adopted by said Board of Bond Trustees and included in said Resolution; and that the levy of such taxes should be included in the warrant of the Tax Assessor and attached to the assessment roll of taxes for each of the respective counties each year.

The Act further provided that it should be the duty of the Board of Bond Trustees out of the proceeds of taxes levied and imposed pursuant to the Act and out of any other moneys in possession of said Board, to apply the same so far as should be necessary to pay the interest upon said bonds as the same should mature and to provide and set aside a sinking fund for the payment of the interest of the bonds and to pay the bonds at the maturity thereof.

It was provided that the sinking fund for the payment of the principal bonds should not be appropriated or used for any other purpose than the payment of the principal.

Under the provisions of Chapter 14486, Acts of 1929, and Acts amendatory thereof, the interest and sinking fund of said district is required to be administered by the Board of Administration of the State of Florida, the respondents herein.

Under these provisions, a fund is accumulated in the hands of the Board of Administration of the State of Florida sufficient to pay the amount in default on relator's coupons involved in this suit.

The return of the respondents contains the following pertinent allegations:

"Answering numbered paragraph 5, they say that they have already, in numbered paragraph 2 of this Return, answered the same. Except as may be stated in said numbered paragraph 2, they specially deny the allegations

thereof. Further answering said parargraph, they specifi-cally deny that for the year 1936-37, and years prior thereto, the respective Boards of County Commissioners of Indian River and of Osceola County levied any such taxes, as therein referred to. On the contrary, they say that under the provisions of law, it is neither the function nor the duty of either of said Boards to levy any such taxes, but that such levy is the function and duty of said Board of Bond Trustees of said district. Further on the contrary, they say that while during certain years subsequent to the issuance of the bonds herein before in this Return referred to, certain taxes were levied by the Board of Bond Trustees aforesaid, yet there was no such levy, as hereinafter in this Return will appear, for the fiscal year 1936-37.

"6. Answering numbered paragraph 6, these respondents deny that the Board of County Commissioners of either of said counties of Indian River and Osceola did, upon the passage and adoption of Chapter 14486, Laws of Florida, Acts of 1929, remit to the respondent Knott, as *ex officio* County Treasurer of said Counties, or either of them, or otherwise, the accumulated sinking funds of the aforesaid issues of bonds. On the contrary, they say that such remit-tance of sinking funds was made under and pursuant to the said chapter, by the Board of Bond Trustees of said district. Further answering said numbered paragraph, they admit that from time to time, the proceeds of such tax collections, from taxes levied by said Board of Bond Trustees, have been remitted to the respondent Knott, as *ex officio* Treasurer of said Counties of Indian River and Osceola, and that the proceeds of delinquent taxes, levied for the purpose of pay-ing the principal and interest of bonds of the aforesaid is-sues, have from time to time also been remitted to these respondents, or their predecessors in office.

"Further answering said numbered paragraph, they admit

that said Board of Bond Trustees has never invoked or adopted the provisions of Chapter 15891, Laws of Florida, Acts of 1933, relative to the purchase of bonds. Further answering, they say that said Chapter 15891 speaks for itself. Still further answering, they admit that the Attorney General of Florida rendered the opinion referred to in said paragraph. Still further answering said paragraph they specifically deny each and every the remaining allegations thereof, except as the same have already been answered in this return, and further answering say that at the time of the service of the alternative writ of mandamus herein, and exclusive of amounts duly impounded under prior writs of mandamus duly issued and served upon them, prior to the issuance and service of the alternative writ herein, there were in the hands, or subject to the control, of these respondents, no gasoline tax funds or moneys to the credit of the district or issue herein involved. Still further answering, they say that on January 13, 1937, the date of the service of the alternative writ of mandamus herein, the district herein involved was in default, as to principal, in the aggregate sum of $204,000, and as to interest, in the aggregate sum of $96,930. Still further answering, they say that on said date, and at said time, the sole balances, exclusive of amounts impounded under prior writs of mandamus duly issued and served upon these respondents, to the credit of the district herein involved, were as follows:

"Indian River County: Ad valorem tax funds ....$3,699.96

"Osceola County: Ad valorem tax funds ............ 350.39

"Still further answering, they say that all of the balances last aforesaid were derived in the manner following, that is to say:

"First. Under date of June 19, 1936, at an adjourned regular meeting of the then duly qualified and acting Board of Bond Trustees of said district, a certain resolution was

offered and adopted by said Board, a true and correct copy of which resolution is hereto attached, marked Exhibit 1 and, by reference thereto, made a part hereof as if herein fully set forth *in extenso*. By the terms of said resolution, said Board of Bond Trustees did, for the year 1936, levy and impose upon all of the real and personal taxable property within said district, a tax of fifteen (15) mills on the dollar of assessed valuation, to provide and maintain a sinking fund for the payment of interest and principal of $880,000 in bonds theretofore issued by said Board, under the provisions of said Chapter 11127, as aforesaid, and then outstanding. Said Board in and by said resolution, did declare that the said tax so levied, was necessary for the purpose of providing and maintaining said interest and sinking fund. Said resolution further provided and required that the respective Board of County Commissioners of Indian River and Osceola Counties should order and require the County Tax Assessors of said respective counties, to assess, and the County Tax Collectors thereof to collect, the amount of taxes therein assessed and levied, and did require the Comptroller of the State of Florida to assess and levy on the railroad lines and railroad property and telegraph lines and telegraph property situate or located in said district, including telephone lines and telephone property, the tax so levied, as more fully appears by reference to said Exhibit 1.

"Second. These respondents are without knowledge as to whether said resolution, so passed and adopted, was ever certified to the respective Boards of County Commissioners therein referred to; but they are informed and believe, and theretofore allege, that a certified copy of said resolution was transmitted by said Board of Bond Trustees to each of the said respective Boards of County Commissioners.

"Third. Under date of September 25, 1936, a certain peremptory writ of mandamus did issue out of the Circuit

Court, in and for Indian River County, Florida, in an action therein lately pending numbered 1701 on the common law docket of said court, in which the State of Florida, on the relation of W. J. Meredith, L. F. Rodgers, and James G. Martin were relators, and the then Board of Bond Trustees of said district, the then Chairman of said Board, the then Secretary thereof, the then Board of County Commissioners of Indian River County, its then Tax Assessor, and its then Tax Collector; the then Board of County Commissioners of Osceola County, Florida, its then Tax Assessor, and its then Tax Collector, were each and all parties respondent. Said peremptory writ of mandamus, so issued, did, in accordance with the alternative writ of mandamus in said cause, as theretofore amended, command each and every the said respondents as follows:

" 'Now, therefore, we being willing that full, true and speedy justice be done, do command and direct you, D. C. Cox, B. T. Redstone and B. H. Holcombe, as and constituting the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, to levy, by resolution of said Board, or a majority thereof, duly entered upon its minutes, upon all the real and personal taxable property in said district, including homesteads, a special tax of fifteen (15) mills for the year 1936, to apply upon the payment of the relator's bonds and interest coupons described in the alternative writ of mandamus herein, as amended, and to levy, by resolution of said board, or a majority thereof, duly entered upon its minutes, upon all the real and personal taxable property in said district, including homesteads, a special tax for the year 1937, sufficient to provide for the payment of such of the relator's bonds and interest coupons described in the alternative writ herein, as amended, as then remain unpaid; and do command you, D. C. Cox, as Chairman of said Board, to execute, and you, B. T. Redstone, as Secretary

of said Board, to attest, certified copies of ·such resolutions, under the corporate seal of said Board, and to deliver certified copies of the said resolutions to the Boards of County Commissioners of Indian River County, and Osceola County, Florida, and to the Comptroller of the State of Florida ; and do command and direct you, J. J. P. Hamilton, E. P. Poole, R. E. Mudge, Frank C. Vickers, and Edwin A. Helseth, as and constituting the Board of County Commissioners of Indian River County, Florida, to order and require W. R. Duncan, as Tax Assessor of Indian River County, Florida, to assess, and Troy E. Moody as Tax Collector of Indian River County, Florida, to collect, the respective amounts of taxes so assessed or levied by said Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, upon all the taxable real and personal property in said District in Indian River County, Florida, including homesteads, at the respective rates, of taxation adopted by said Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, for the year 1936 and for the year 1937 respectively, as aforesaid, and included in said respective resolutions, and do command and direct you, W. R. Duncan, as Tax Assessor of Indian River County, Florida, to include said respective levies in the respective warrants of the Tax Assessor, and attach the same to the respective assessment rolls of taxes for said Indian River County, Florida, for said respective years, and do command and direct you, Troy E. Moody as Tax Collector of Indian River County, Florida, to collect such respective taxes, so levied by said Board, in lawful money of the United States of America, or its equivalent in the form of checks or bills of exchange, in the same manner as other taxes are collected, and to pay the same over to the Board of Administration of the State of Florida, within the time and in the manner prescribed by law, and do command and direct you, Walton Brons, C. A. Session, Ira E. Keen,

Hardy Simmons and Ed. Minor as and constituting the Board of County Commissioners of Osceola County, Florida, to order and require Glenn Ray, as Tax Assessor of Osceola County, Florida, to assess and C. L. Bandy as Tax Collector of Osceola County, Florida, to collect, the respective amounts of taxes so assessed or levied by said Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, upon all of the taxable real and personal property in said district in Osceola County, Florida, including homesteads, at the respective rates of taxation adopted by said Board of Bond Trustees of said district, for the year 1936 and for the year 1937, respectively, as aforesaid, and included in said respective resolutions, and do command and .direct you, Glenn Ray, as Tax Assessor of Osceola County, Florida, to include said respective levies in the respective warrants of the Tax Assessor, and attach the same to the respective assessment rolls of taxes for said Osceola County for said respective years, and do command and direct you, C. L. Bandy, as Tax Collector of Osceola County, Florida, to collect such respective taxes so levied by said Board, in lawful money of the United States of America, or its equivalent in the form of checks or bills of exchange, in the same manner as other taxes are collected, and to pay the same over to the Board of Administration of the State of Florida, within the time and in the manner prescribed by law.

" 'WITNESS The Honorable Elwyn Thomas, Judge of the above styled court, this 25th day of Sept., A. D. 1936.

" 'Miles Warren

" 'Clerk of the Circuit Court in and for Indian River County, Florida.'

" '(Circuit Court Seal)

"Fourth. These respondents are without knowledge, and cannot state, whether the peremptory writ of mandamus

hereinabove referred to, was ever served on the respective respondents therein named; but they allege and specifically show that none of the securities therein and in the alternative writ of mandamus, as amended in said cause, referred to, are the securities involved in or described by the alternative writ of mandamus, as amended, in the instant case.

"Fifth. At a special meeting of the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, under date of October 1, 1936, and subsequent to the issuance of the peremptory writ of mandamus aforesaid, there was offered and adopted a resolution of said Board of Bond Trustees, purporting to amend its previous resolution, adopted, as aforesaid, under date of June 19, 1936. A true and correct copy of said amending resolution is hereto attached, marked Exhibit 2, and by reference thereto, made a part hereof as fully as if herein expressly set forth *in extenso*. By said last resolution, said Board of Bond Trustees undertook to amend its previous resolution, appearing as Exhibit 1 to this Return, by reallocating the levy theretofore made, and reappropriating it, not for the use of the general interest and sinking fund of said district, but for the payment of specifically described securities referred to in said last resolution, and being the securities referred to, described, and specified in said alternative and peremptory writs of mandamus issued out of said Circuit Court of Indian River County, Florida, and being securities other than those involved in the instant proceedings. These respondents are without knowledge and, therefore, cannot state, whether a copy of said last resolution was ever remitted to either or both, the Boards of County Commissioners of Indian River and Osceola Counties, Florida, but they are informed and believe, and therefore allege, the fact to be that said last resolution was never, prior to the assessment of taxes by the Tax Assessors of the respective counties

within said district, for the year 1936, certified to either of said Board of County Commissioners.

"Further answering, these respondents specifically show and allege the fact to be that said balances referred to as being on hand with these respondents, and subject to their control, are *in toto* the proceeds of taxes levied within said district, for the year 1936, and remitted to these respondents." The first resolution referred to in the Return provided:

"Be it Resolved by the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District of the State of Florida that there shall be and is hereby levied upon all of the real and personal taxable property in said District, comprising the following territory in what is now Indian River (formerly St. Lucie) County and Osceola County, Florida, to-wit:"

Then follows the description of the district and then the following:

" * * * for the year 1936, a tax of 15 mills on the dollar to provide and maintain a sinking fund for the payment of interest and principal of $880,000 in bonds heretofore issued by said Board under the provisions of Chapter 11127, Laws of the State of Florida, and now outstanding and by virtue of an election held in said District in accordance therewith; and be it further

"Resolved that the said Board of Bond Trustees does hereby declare that the said tax of 15 mills so levied is necessary for the purpose of providing and maintaining a sinking fund for the payment of interest and principal of $880,-000 in bonds of said District heretofore issued by said Board; and be it further

"Resolved, that the Board of County Commissioners of Indian River and Osceola shall collect said tax herein levied they are hereby required to order and require the County

Tax Assessor of said respective counties to assess, and the County Tax Collectors of said respective counties to collect, the amount of taxes herein assessed and levied upon the taxable property in said district at the rate of taxation herein provided for the year 1936; and be it further

"Resolved, that the Tax Collectors of said counties of Indian River and Osceola shal collect said tax herein levied in same manner as other state and county taxes are collected and shall pay the same over to the Treasurer of the State of Florida as *ex officio* Treasurer of the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, or his successors, within the time and in the manner prescribed by law for the payment by the Tax Collector of County taxes; and be it further

"Resolved, that the Comptroller of the State of Florida be and he is hereby required to assess and levy on all the railroad lines and railroad property and telegraph lines and telegraph property situated or located in said District, including as well all telephone lines and telephone property, the said tax herein levied for the year 1936; and be it further

"Resolved, that the said Comptroller of the State of Florida shall assess and collect said taxes in the same manner as are county taxes upon such property, and such taxes shall be remitted by the collecting officer to the said treasurer of the State of Florida as *ex officio* treasurer of the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District; and be it further

"Resolved, that this resolution shall be duly entered upon the minutes of the Board, and that a certified copy of the same executed in the name of said Board by its Chairman, attested by its secretary under its corporate seal, shall be made and delivered to the Board of County Commissioners of Indian River and Osceola Counties, Florida, and to the

Comptroller of the State of Florida, not later than the 1st day of August, 1936.

"The foregoing resolution having been put to a vote, upon roll call the same was adopted by the following vote:

"Ayes: Cox, Holcomb, Redstone.

"Nays: None."

On October 1, 1936, the following resolution was adopted by the Board of Bond Trustees:

"Be it Resolved that the Resolution adopted by this Board on June 19, 1936, providing for a tax levy for the year 1936 be amended by striking from said resolution the following words:

" 'A tax of 15 mills on the dollar to provide and maintain a sinking fund for the payment of interest and principal of $880,000 in bonds heretofore issued by said Board under the provisions of Chapter 1127, Laws of the State of Florida, and now outstanding, and by virtue of an election held in said District, in accordance therewith; and be it further

" 'Resolved that the said Board of Bond Trustees does hereby declare that the said tax of 15 mills so levied is necessary for the purpose of providing and maintaining a sinking fund for the payment of interest and principal of $880,-000 in bonds of said District heretofore issued by said Board;'

"and inserting in lieu thereof the following:

" 'for the payment of the following described securities, to-wit:' Bonds of Atlantic-Gulf Special Road and Bridge District, dated September 1, 1925, as follows:"

Then follows description of the securities referred to. Then the following:

"pursuant to command of the peremptory writ of mandamus, issued out of the Circuit Court of Indian River County, Florida, on September 25, 1936, in the case of State of Florida, *ex rel.* Meredith, *et al.,* v. D. C. Cox, *et al.,* No.

1701, a tax of 15 mills on the dollar assessed valuation in Atlantic-Gulf Special Road and Bridge District—$18,750.'

"Be it further resolved that said resolution of June 19, 1936, as herein amended shall remain in full force and effect as originally adopted as amended.

"The foregoing resolution having been put to a vote upon roll call the same was adopted by the following vote:

"Ayes:  Cox, Holcomb and Redstone.

"Nays:  None."

On motion for peremptory writ, notwithstanding the return, peremptory writ was awarded.

It will be observed that the peremptory writ of mandamus which is not shown ever to have been served on the Board of Bond Trustees in the case of Meredith, *et al.,* v. Board of Bond Trustees, commanded that:

"D. C. Cox, B. T. Redstone and B. H. Holcombe, as and constituting the Board of Bond Trustees of Atlantic-Gulf Special Road and Bridge District, to levy, by resolution of said Board, or a majority thereof, duly entered upon its minutes, upon all the real and personal taxable property in said district, including homesteads, a special tax of fifteen (15) mills for the year 1936, to apply upon the payment of the relators' bonds and interest coupons described in the alternative writ of mandamus herein, as amended, and to levy, by resolution of said Board, or a majority thereof, duly entered upon its minutes, upon all the real and personal taxable property in said district, including homesteads, a special tax for the year 1937, sufficient to provide for the payment of such of the relator's bonds and interest coupons described in the alternative writ herein, as amended, as then remain unpaid;"

It is not shown that this command was ever complied with, but the Return does show that the command was not complied with and that the Board of Bond Trustees, instead

of complying with the command of the peremptory writ departed therefrom and attempted not to levy a special assessment for the payment of the bonds held by Meredith, *et al.,* but in lieu thereof attempted to amend its former resolution adopted and put into effect as required by the statute, *supra,* so as to make the entire levy which had been authorized and directed, a levy for the payment of the bonds of Meredith, *et al.,* only. But the Return contains no allegation that even such resolution as was passed ever became effective by service of copies thereof upon any of the county or state officials upon which it was required by law to be served to control the levy and assessment.

Plaintiffs in error rely upon the opinion and judgment of this Court in the case of State, *ex rel.* Harris, v. City of Fort Pierce, *et al.,* 111 Fla. 174, 149 Sou. 338. The opinion in that case is not controlling because of the difference in factual conditions which are found to exist by comparison of the controlling allegations appearing in the respective cases.

In the Harris case the alternative writ commanded that the City Commission of Fort Pierce revise its budget so as to include therein a specific appropriation for relators' coupons which had accrued during that fiscal year, and that they revise their tax levy ordinance so as to include a special tax which will produce a sum of money sufficient to pay the appropriation, *supra,* and that the Tax Assessor revise the tax roll and the extension of taxes in accordance to the amendment of the budget and tax levying ordinance.

In that case we said:

"The pleadings show that the City of Fort Pierce has already levied taxes sufficient to raise the sum of $105,000.00 for debt service generally. If a peremptory writ of mandamus following the terms of the alternative writ as framed, should be awarded in the present case, the city would have

the option of complying with the terms of this writ by either amending its heretofore adopted budget appropriation and tax levying ordinance so as to appropriate $33,420.00 of the $105,000.00 provided to be raised so as to insure the payment of relators' coupons, or to make an additional appropriation of $33,420, coupled with an additional tax levy of 8 or more mills to comply with the peremptory writ. So long as relator gets only what is prayed and so long as the prayer is not beyond the law, respondents have no right to resist what is demanded. Under the circumstances, the claim made in respondents' answer that to award a peremptory writ of mandamus would create chaos and disorder by compelling the entire revision of the tax roll out of time is not justified. This is so because the city has the option of itself deciding whether it will revise the whole roll or will simply appropriate a portion of the 25 mills already levied, without adding an additional 8 mills or more to the 25 mills heretofore provided for."

In the instant case the command does not require a modification of or amendment of the resolution but specifically requires that the Board of Bond Trustees adopt a resolution and that other officers perform all those acts required to make a special levy to provide funds for the payment of relator's securities involved in that suit.

This was not done and those things which the Board of Bond Trustees did do were not sufficient to accomplish that purpose.

The 15 mills involved had already been levied under the resolution of June 19th and was specifically levied by the Board of Bond Trustees for the purpose set out in that resolution quoted herein, *supra*.

In State, *ex rel*. City & County Holding Co., v. Board of Public Instruction of Broward County, *et al.*, 120 Fla. 599, 163 Sou. 8, we held:

"Resolution which appropriated entire proceeds of school tax levy for payment of obligations due relators in mandamus suit which had been brought to compel levy of special earmarked tax for satisfaction of such obligations, and which was adopted by Board of Public Instruction as, means of settlement of such suit, *held* ineffective as defense against suit by third parties who sought payment of obligations from proceeds of such tax levy."

"Scope and character of alternative writ of mandamus *held* not subject to modification by stipulation to affect rights of third parties."

"Operative effect of stipulation which showed compliance with commands of writ of mandamus could not be extended to prejudice rights of third parties by fact that it was enforceable between the parties, since legal rights of third parties can be affected by suit only to extent that final judgment can be entered in suit in conformity with pleadings to so bind respondents therein."

Upon authority of that holding, the judgment of the Circuit Court should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, and CHAPMAN, J. J., concur.

THOMAS, J., disqualified.